HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Respondent, *v.* JOHN R. SHEPLEY *et al.*, Appellants.

### February 28, 1876.

1. In an action on a bond, executed in an injunction suit in the Circuit Court of the United States, conditioned to pay all damages or costs that may be occasioned by the injunction, the word "damages" will be taken to include reasonable counsel fees actually paid.

2. Such a bond must be interpreted, as any other contract, by the rules determined by the Supreme Court of Missouri; although a different interpretation may have been applied in cases by the Supreme Court of the United States. The rulings of the former are not merely authoritative; they are binding law in this State.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*Glover & Shepley,* for appellants, cited: Oelrihcs *v.* Spain, 15 Wall. 211 ; Gadsden *v.* Bank of Georgetown, 5 Rich. 336–346 ; Corder *v.* Martin, 17 Mo. 42, 43.

*Reber,* for respondent, cited : Uhrig *v.* City of St. Louis, 47 Mo. 528 ; State, to use, *v.* Beldsmeier, 56 Mo. 226 ; Rose *v.* Thomas, 19 Mo. 613 ; Hayden & Smith *v.* Sample, 10 Mo. 215 ; Edwards *v.* Bodins, 11 Paige, 223 ; Corcoran *v.* Judson, 24 N. Y. 106 ; Garret *v.* Logan, 19 Ala. (N. S.) 344 ; Sedgw. on Dam. (5th ed.) note, top p. 488, side p. 397 ; 15 Wall. 211.

BAKEWELL, J., delivered the opinion of the court.

This is an action on a bond executed by appellants, on behalf of the plaintiff, in an injunction suit brought by one John Bailey against the Hannibal & St. Joseph Railroad Company, in the Circuit Court of the United States for the District of Missouri. The bond is conditioned that the said Bailey shall pay the Hannibal & St. Joseph Railroad Company any damages or costs that might accrue to it or be occasioned by the injunction. The injunction was dissolved on hearing, the suit dismissed, and that decree affirmed on appeal to the Supreme Court of the United States. The breach assigned is that plaintiff in this suit was compelled to employ counsel to defend, at a cost of $2,500, which sum plaintiff in this suit paid, and Bailey has not repaid the same to plaintiff. The answer of defendant denies the liability of Bailey for counsel fees. The case was submitted to the court below, on an agreed statement of facts, in which the facts set forth above are admitted; and also that the attorney's fee of $2,500 was reasonable.

Defendant asked a declaration of law to the effect that, on the facts, the plaintiff was not entitled to recover. This the court refused, and rendered judgment for plaintiff. Defendant excepted, and having duly moved for a new trial, that motion was overruled, and the case is brought here by defendant on appeal.

The question submitted for our determination is whether or no attorney's fees can be recovered as damages in a suit, on an injunction bond.

It seems to be usually held by the State courts that the damages, on the dissolution of an injunction or attachment,. include the reasonable counsel fees of the defendant.   In some States a distinction is made between those cases in which the fees are actually paid and those in which, at the time of suing on the bond, they are a mere liability of the defendant in the original suit.   As in this case the agreed statement admits the payment of these fees, the decisions in Louisiana and California are in point, as well as those in New York, Kentucky, Alabama, Indiana, and New Hampshire ; and in all these States it is held that counsel fees. may be recovered as damages in a proceeding on an injunction or attachment bond.   Sedgw. on Dam. 488, and note.

In Alabama ( *Garrett* v. *Logan*, 19 Ala. 144) it is held that counsel fees necessarily incurred in defense of an injunction suit may be recovered in an action of debt on the bond, though they may not be actually paid.   If contracted to be paid, it is enough. .

The condition in an attachment bond in this State is that. plaintiff " pay all damages and costs that may accrue to " the defendant.   The condition in the bond sued on is that; the obligor "pay to the Hannibal & St. Joseph Railroad. Company any damages or costs that may accrue to said company.''   The conditions in the two bonds are identical.. We can see no reason why the same rule should not apply in the case at bar as in a suit on an attachment bond.   But. it is settled law in this State ( *State, to use, etc.*, v. *Beldsmeier* et al., 56 Mo. 226) that in a suit on an attachment bond the plaintiff in the suit can recover for any direct loss or damage, and that this includes reasonable counsel fees.   So in *Uhrig* v. *City of St. Louis*, 47 Mo. 528, our Supreme Court states the common practice to be as we have set it forth, and approves of it.   The question can hardly, we;

think, be considered an open one in this State. Indeed, it is not an open one, unless there be some distinction between the condition in an attachment bond and the ordinary condition in the usual bond required on granting a restraining order. In the case at bar, as we have said, the condition is *ipsissimis verbis* with the bond before the court in *State, to use, etc.*, v. *Beldsmeier*.

Both authority and reason incline us to affirm the judgment of the court below. But our attention is directed to the case of *Oelrichs* v. *Spain*, 15 Wall. 211. In view of this decision it cannot be denied that it is the practice in the Supreme Court of the United States to refuse counsel fees as damages in a suit on an injunction bond; and it would appear from *Arcambel* v. *Wiseman*, 3 Dall. 306, decided in 1796, that this was the view of that venerable tribunal eighty years ago. And, upon the reasoning and analogy of *Arcambel* v. *Wiseman* (for the point is not expressly decided there), the court seems to have based its more recent decision. It is difficult to see how, otherwise, attorney's fees could have been refused in the case of *Oelrichs* v. *Spain;* for in that case the condition of the bond, upon whose express terms the claim is founded, is peculiar, and the obligation is to pay as well such costs, damages, and charges as shall occur in the Circuit Court, *as all such costs, damages, and charges as shall be occasioned by said writ of injunction.* These superadded "costs, damages, and charges," are not to be referred to those in the Circuit Court, for these are specifically provided for; and the latter clause would seem to have no meaning at all, if it does not mean counsel fees. The court, in its opinion, does not at all advert to the fact that the obligor in the bond had solemnly contracted to pay, not only the costs of the legal proceedings in the Circuit Court, but also all other costs, damages, and charges occasioned to defendant in the original suit by the issuing of the writ. If attorney's fees had been so nominated in the bond it could hardly have

been plainer, and it would seem to me, to use the language of the court in *Edwards* v. *Bodine*, 11 Paige, 223, that " here is not matter of discretion ; the condition is imperative." The reasons given by the court for refusing counsel fees are that damages are recovered in debt, case, and *assumpsit*, but counsel fees are never included ; that in equity cases, where no injunction bond is given, only taxable costs are allowed to complainants ; that the same rule applies to the defendant, however unjust the litigation ; and both parties are, in this respect, on a footing of equality. To this it may be replied that, in these cases, the law implies no obligation to pay counsel fees not taxed as costs ; but the case may well be different where the plaintiff covenants to pay all loss and damage which may result to plaintiff by his action in restraining him in the exercise of his rights. The other reasons assigned by the learned judge delivering the opinion of the court are that there is no fixed standard of *honorarium;* that there is danger of abuse when client and counsel know the fees are to be paid by another party ; that a new litigation may be thus grafted on the old suit, and the court even may be required to perform the delicate task of scaling down the charges of counsel. We have considered all these reasons, with great respect, but they have not satisfied us that the principle of disallowance rests on a solid foundation, nor that the opposite rule is forbidden, either by the analogies of the law or by sound public policy.

It is argued by counsel for defendant in this case that, as this bond was given in proceedings in equity of a Circuit Court of the United States, the obligation must be interpreted in view of the decisions of the Supreme Court of the United States ; and the case is as if, by statute of the United States, it had been enacted that no counsel fees should be recovered in a suit on an injunction bond given in a proceeding in a Federal tribunal. But this reasoning is more specious than solid ; no such statute exists. A bond of this kind is to be interpreted by the rules that govern the interpretation of

any other contract. If the obligor, when executing it, knew that under the ruling of the Supreme Court of the United States he could not be held by this obligation to pay counsel fees, he also knew that by the interpretation put by the Supreme Court of the State of Missouri upon the same obligation, in a similar proceeding, he would be held for counsel fees in case of failure to maintain his injunction. If it is evident that, if it were necessary to sue on this bond in the Circuit Court of the United States, counsel fees would not be recovered, it is also clear that, in a suit upon the same bond in a State court, in any one of the many States in which judicial decisions have fixed the rule of giving counsel fees as damages, a recovery would be had. The contract before us must be interpreted by us in obedience to ruling *in pari materia* by the tribunal which, in this State, is the court of last resort. The interpretation which the Supreme Court of the United States may have given to a similar contract is entitled to the very greatest weight, but the interpretation given by our own Supreme Court to such a contract is, in Missouri, binding law, and the absolute rule by which we must measure our own.

It is further objected that any decisions in Missouri by which counsel fees have been given as damages on injunction bonds are based upon the peculiar provisions of our Practice Act in regard to injunction suits in our State courts. But the Practice Act is silent as to any interpretation of the word " damages " in the injunction bond. It limits the damages to 10 per cent. in certain cases, but, as it prescribes that the bond shall be conditioned that plaintiff shall " pay all sums of money, damages, and costs that shall be adjudged against him," it is plain that any judicial interpretation of this language, in a bond given under our statute, would be in point in determining the meaning of the same language in the bond under consideration in the present suit.

For these reasons we think that the judgment of the Circuit Court should be affirmed. Judge LEWIS concurs; Judge GANTT, having been of counsel, did not sit.