Eliza L. Wash et al., Respondents, *v.* Rufus J. Lackland, Appellant.

### December 2, 1879.

1. The recovery upon an injunction bond conditioned that the defendant shall be liable for all damages occasioned by the restraining order is not limited to the damages adjudicated against the principal obligor.

2. In an action in a State court upon an injunction bond given in a Federal court, attorneys' fees for which the plaintiff has become liable may be recovered as damages, though not so recoverable in the Federal courts.

Appeal from the St. Louis Circuit Court.

*Affirmed.*

H. J. Grover, for the appellant: Attorneys' fees must be paid before they can be classed as damages sustained. — *Carder* v. *Martin*, 17 Mo. 43; *Uhrig* v. *St. Louis*, 47 Mo. 529. Damages on an injunction bond should be computed according to the degree of injury actually sustained. — High on Inj., sect. 971; *Kennedy* v. *Hammond*, 16 Mo. 341, 353; *St. Louis* v. *Alexander*, 23 Mo. 483. No damages have been adjudged, and therefore plaintiff cannot recover any. — *Kennedy* v. *Hammond*, 16 Mo. 353; *Carder* v. *Martin*, 17 Mo. 43.

Frank Hicks, for the respondents: The condition of the bond in terms covers "all damages that may be occasioned by the injunction." The damages need not be adjudged in the original injunction proceeding. — *Railroad Co.* v. *Shepley*, 1 Mo. App. 254; High on Inj., sect. 947, 956, 957, 962, 969; Field on Dam., sect. 558. Attorneys' fees, if incurred, whether actually paid or not, may be recovered by way of damages in a suit in a State court, or on injunction bond given in a United States court; and this, although the practice and course of decision in the Federal courts may be to the contrary. — *Leisse* v. *Railroad Co.*, 2 Mo. App. 105; *The State, etc.,* v. *Beldsmeir*, 56 Mo. 226; *Uhrig* v. *St. Louis*, 47 Mo. 528; *Buford* v. *Keokuk Packet Co.*, 3 Mo. App. 159 (173); *Bohan* v. *Casey*, 5 Mo. App. 101 (111).

LEWIS, P. J., delivered the opinion of the court.

Defendant is sued as surety on an injunction bond in which Thomas Hunton was principal, given in the United States Circuit Court. The penal sum is $2,000, and the condition of the bond is as follows: " The condition of the above obligation is such that, whereas Thomas Hunton, on the third day of February, A. D. 1877, obtained a restraining order or injunction against said John Wickham, Andrew McKinley, and Mrs. Eliza L. Wash ; now, if the said Thomas Hunton shall pay all damages that may be occasioned by said restraining order or injunction, and abide the decision that shall be made therein, and pay all sums of money, damages, and costs that shall be adjudged against him if the injunction or restraining order be dissolved, then the above obligation to be void," etc. The injunction was dissolved upon a hearing on the merits, and sundry special causes of damage are alleged in the present petition.

It is insisted for the defendant that no damages are recoverable in this action, because no damages have ever been adjudged against Thomas Hunton, the principal in the bond. There might be some force in this objection if the bond and its condition had been framed under the Missouri statute, which simply requires that the principal obligor will abide the decision and " pay all sums of money, damages, and costs that shall be adjudged against him." The condition of the bond sued on is not thus confined to the payment of adjudicated damages. It comprehends also a liability for " all damages that may be occasioned by said restraining order or injunction," whether adjudicated or not. There is nothing in the objection.

It is also contended that, inasmuch as the bond was given in a Federal court, the State courts must give to its provisions the same interpretation which a Federal court would give them, if this suit had been instituted in that jurisdiction. Consequently, as it is held by the Supreme Court

of the United States that the damages recoverable in an injunction bond do not include attorneys' fees paid in defence of the injunction suit, therefore this court should adopt the same rule, although directly contrary to the rulings of the Supreme Court of Missouri. We cannot comprehend the reasoning which evolves such a conclusion. There was no stipulation in the bond that it should be sued on in a Federal court. While it is but natural and proper to suppose that the Federal tribunals would adhere to their former rulings, there is yet no guaranty to that effect in the contract. We therefore fail to perceive that the makers "intended to create only such obligations as attached under the Federal jurisprudence." The interpretation of a contract belongs to the court before which it is pending. That being once settled by a superior in judicial authority, it is of no consequence what might be the interpretation in a different jurisdiction. It is settled in Missouri that attorneys' fees paid in defence of an injunction suit may be recovered as damages in an action on the injunction bond; and this, although the bond was given and the injunction obtained in a Federal court. *Barnes* v. *Webster*, 16 Mo. 263; *The State* v. *Beldsmeir*, 56 Mo. 226; *Uhrig* v. *St. Louis*, 47 Mo. 528.; *Hannibal & St. Joseph R. Co.* v. *Shepley*, 1 Mo. App. 254; *Leisse* v. *Railroad Co.*, 2 Mo. App. 105. The rule is the same as to attorneys' fees not actually paid, but for which the plaintiff has become liable. *Leisse* v. *Railroad Co.*, *supra*.

Much of the elaborate argument submitted for defendant goes merely to the weight of the evidence. There was substantial evidence in support of every item of damages found in the plaintiff's favor by the court, sitting as a jury, and we are not permitted to yield to the arguments of counsel, however well conceived or forcibly presented, to the effect of setting aside such a finding. We are shown nothing in this record that furnishes a ground for reversal. All the judges concurring, the judgment is affirmed.