The State ex rel. Rogers v. Gage Bros. & Co.

---

THE STATE OF MISSOURI *ex rel.* ADDIE ROGERS, Respondent, v. GAGE BROS. & Co., Appellants.

Kansas City Court of Appeals, May 16, 1892, and January 16, 1893.

ON MOTION TO AFFIRM.

1. **Appeals:** FILING TRANSCRIPT: DUTY OF CLERK: STATUTE: ORDER OF JUDGE. By amendment to section 2252, Revised Statutes, 1889 (Laws 1891, 69), after an appellant directs the clerk to make out a perfect transcript, he can wait notice from the clerk that the transcript is completed, and until such notice he is not in default, nor does it affect the matter that the court in granting an extension of time to file bill of exceptions added to the order: "But this extension in nowise to extend time for filing transcript."

The State ex rel. Rogers v. Gage Bros. & Co.

ON MERITS.

2. **Practice, Trial:** AMENDMENT: CONTINUANCE: WAIVER: DISCRETION. An amendment that is merely formal and does not change substantially the cause of action can be made at any stage of the trial, and] does not afford a ground for a continuance, and the discretion of the trial court will not be interfered with unless it has been oppressively exercised; and where the amendment is answered and the trial proceeds the objection is waived.

3. **Verdict:** JURORS: IMPEACHMENT OF: POLLING OF. Considerations of public policy forbid that jurors should be heard to impeach their verdicts by showing their mistakes or misconduct; and their verdict, whether polled or not, cannot, as a general rule, be subsequently impeached by their affidavits.

4. **Witnesses:** EXPERTS: WAIVER. Where appellants objected to the testimony of certain witnesses because they were not qualified as experts, and other witnesses of like qualifications were called without objection, the objection is deemed to be waived.

5. **Evidence:** COUNSEL FEES IN ATTACHMENT: NOTES. In an action on an attachment bond the plaintiff may give in evidence the notes she had given for counsel fees in the attachment suit, which, though not conclusive, are admissible along with other evidence.

6. **Attachment:** DAMAGES: COUNSEL FEES: INSTRUCTION. In an action on an attachment bond an instruction which tells the jury that as an element of damages relator was entitled to recover such reasonable sum as the evidence showed she had paid for attorney's fees, is proper.

7. ———: ———: ———: ———. In an action on an attachment bond the measure of damages is the value of the goods at the time of the seizure with interest at the rate of six per cent. to the time of the trial.

8. **Practice, Appellate:** INSTRUCTION: HARMLESS ERROR: DE MINIMIS. An appellant cannot complain of an error beneficial to him and prejudicial to respondent. The maxim *de minimis* applied.

9. **Instructions:** COVERED IN OTHERS: HARMLESS ERROR. It is not error to refuse an instruction covering the same ground as others given, and to refuse instructions which might have been given is not reversible, when no harm follows.

10. **Verdict:** EVIDENCE. The verdict in this case is *held* not to be the result of passion, etc.

11. **Attachment:** ACTION ON BOND. Where an appeal from the judgment on the plea in abatement in an attachment suit is dismissed, an action may be instituted on the attachment bond.

*Appeal from the Bates Circuit Court.*—Hon. James H.
Lay, Judge.

Affirmed.

*Parkinson & Graves*, for appellants.

(1) Upon the amendment of the petition in this
cause, a continuance should have been granted the
defendants. Petition in abstract of record, pp. 2, 3;
affidavit in abstract of record, pp. 5, 6; *Lumkin v.
Collier*, 69 Mo. 170; *Parker v. Rhodes*, 79 Mo. 88;
*Scovill v. Glasner*, 79 Mo. 449. (2) The verdict in
this case is not the verdict actually agreed upon by the
jury as is shown by their affidavit in support of the
motion for new trial. *Dalrymple v. Williams*, 63 N. Y.
361; *Noah v. Dickerson*, 15 Johns. 309; *Thomas v.
Chapman*, 45 Barb. 98; *Jackson v. Dickerson*, 15 Johns.
317; *Johnson v. Davenport*, 3 J. J. Marsh. 390; *Hix v.
Drury*, 5 Pick. 296; *Taylor v. Greeley*, 3 Green, 204;
*Knight v. Freeport*, 13 Mars. 218; *Perkins v. Knight*,
2 N. H. 474. (3) The testimony of Mrs. Cora
Walton, Mrs. Dr. Christy and the other lady witnesses
following them was improperly admitted, and was
extremely prejudicial to defendants. (4) The court
improperly admitted in evidence the notes given by
Addie Rogers to her attorneys for the trial of the plea
in abatement. (5) She was not entitled to anything
except a reasonable sum for attorney's fee, it matters
not what she had been compelled to pay or contracted
to pay. This clause is misleading and susceptible of
two constructions and should not have been given.
*Legg v. Johnson*, 23 Mo. App. 590; *Cummings v.
Burleson*, 78 Ill. 281; *Spring v. Collector*, 78 Ill. 101.
(6) Relator's instruction number 1, wherein the
jury is directed to compute interest from March 12,

1891, up to the date of trial, is erroneous in this particular, and is not founded upon the evidence in the case. *Bosse v. Thomas*, 7 Mo. App. 590; *State v. Hecox*, 83 Mo. 531; *Raysdon v. Trumbo*, 52 Mo. 35; *Givens v. Van Studdiford*, 4 Mo. App. 499; *White v. Chaney*, 20 Mo. App. 389; *Wills v. Zallee*, 59 Mo. 509.

*Francisco Bros., W. L. Jarrott* and *W. G. Rose*, for respondent.

(1) The amendment to the petition was immaterial, only involving a matter of description not of substance, no new parties being brought in, nor the object of the suit changed. The condition of the bond was copied in the first petition, and a copy of the bond attached, so that defendants could not have been surprised. *State v. Sayers*, 58 Mo. 585; *Bartholow v. Campbell*, 56 Mo. 117. (2) By answering the amended petition, defendants waived objections to amendments. *Scovill v. Glasner*, 79 Mo. 449–454. (3) Three members of the jury, after the jury were discharged, ought not to have been allowed to impeach the verdict by their affidavit. *Pratt v. Coffman*, 33 Mo. 71; *State v. Coupenhaver*, 39 Mo. 430; *Sawyer v. Railroad*, 37 Mo. 241; *McFarland v. Bellows*, 49 Mo. 311; *State v. Underwood*, 57 Mo. 40; *State v. Branstetter*, 65 Mo. 149; *State v. Fox*, 79 Mo. 109; *Miller v. Railroad*, 5 Mo. App. 471–476. (4) Mrs. Walton, Mrs. Christy and the other ladies whose testimony is complained of fully qualified themselves. (5) To prove the notes actually given for $350, and to show that this was reasonable, was the proper way to prove the attorney fee. No money need actually have been paid. *State v. Keevill*, 17 Mo. App. 144–147; *Holthaus v. Hart*, 9 Mo. App. 1; *Wash v. Lackland*, 8 Mo. App. 122; *Brownlee*

*v. Fenwick*, 103 Mo. 420; *State ex rel. v. Shobe*, 23 Mo. App. 474. (6) Section 4 of instruction number 1 is very plainly worded, and is so explained in instruction number 7 as not to leave a shadow of doubt. (7) This suit was brought March 12, 1891, and the bringing of the suit was a sufficient demand to cause interest to begin to run. *Berner v. Bagnell*, 20 Mo. App. 543. (8) But no demand was necessary. Relator was entitled to interest from the time of the taking under the attachment writ, December 14, 1889, and limiting her to interest from March 12, 1891, was an injury to her, and certainly ought not to be complained of by defendants. *Spencer v. Vance*, 57 Mo. 427; *Polk's Adm'r v. Allen*, 19 Mo. 467; *Watson v. Harmon*, 85 Mo. 443; *State to use v. Smith*, 31 Mo. 566. (9) The substance of instruction number 17 was fully embodied in instructions numbers 2, 8 and 10 given by the court.

### ON MOTION TO AFFIRM.

ELLISON, J.—We are asked to affirm the judgment in this cause. The appeal was taken on November 19, 1891, and time for filing bill of exceptions was extended to February 5, 1892.

Before this time expired another extension to February 15 was granted. The bill was filed within this time, and the cause was, therefore, returnable to the March term of this court. But the clerk of the circuit court did not get the transcript made out in time to reach this court for the March term; and he did not, of course, notify appellants or appellants' counsel of record of the completion of the transcript. By an amendment to section 2252, Revised Statutes, 1889, "the failure of the clerk to notify appellant or his attorney of record of the completion of the transcript in time to enable him to have same filed in the appel-

late court in the time required by law," shall be considered good cause for refusing to affirm the judgment of the lower court.    Laws, 1891, p. 69.

Our interpretation of this section, as thus amended, is that, after an appellant directs the clerk to make out a perfect transcript he can await a notice from the clerk that the transcript is completed, and until such notice he is not in default.

II.    At the time of the second extension the court added to the order the following words: "But this extension in nowise to extend time for filing transcript in the Kansas City Court of Appeals."    We are unable to perceive how this order can alter the duty of the clerk, or affect the party entitled to a performance of such duty, and to rely upon its performance.    The motion to affirm is overruled.    All concur.

## ON MERITS.

SMITH, P. J.—This is an action on an attachment bond.    The relator had judgment, and the defendants appeal.

The first ground of the defendants' appeal is, that the trial court erred in refusing a continuance of the cause on their motion.    It appears from the record that after the jury had been sworn to try the case the relator asked and was granted leave to amend her petition.    The relator's petition alleged that Gage Bros. & Co. had sued her by attachment.    This allegation the court permitted to be amended so as to show that the attachment suit was brought against the relator and one Belle Rogers, upon the latter of whom no service was obtained.    This amendment did not change substantially the relator's cause of action.    It being a mere formal one it was permissible to allow it at any stage of the case.    It afforded not the slightest ground

for continuance. It was a matter very much in the discretion of the court with which we care not to interfere, unless that discretion plainly appears from the record, as it does not, to have been unsoundly or oppressively exercised. *Bartholow v. Campbell*, 56 Mo. 117. Besides this the defendants answered the amended petition, and proceeded with the trial of the cause, and thereby waived any objection they had interposed to the amendment. *Scovill v. Glasner*, 79 Mo. 449.

The second ground of the defendants' objection to the judgment is, that the court should have set aside the verdict of the jury for the reason that three of the jurors made an affidavit to the effect that the court had, by an instruction, directed the jury to allow the defendants a credit for $135, but that "they forgot, failed and neglected to do so, and returned said gross amount of damages as their verdict." This objection cannot be upheld. Considerations of public policy forbid that jurors should be heard to impeach their verdicts by showing their mistakes or misconduct. They ought not to be permitted to declare with a view to affect their verdict an intent different from that expressed in the verdict rendered in open court. In early times severe pains and penalties were visited on them for false verdicts. *Watts v. Brains*, Croke. Eliz. 778. The rule is now well settled in this state that the courts will not receive the affidavits of jurymen to show mistakes or errors of the jurors in respect to the merits, or that they mistook the effect of their verdict or intended something different. *Pratt v. Coffman*, 33 Mo. 71; *State v. Couperhaver*, 39 Mo. 430; *Sawyer v. Railroad*, 37 Mo. 241; *McFarland v. Bellows*, 49 Mo. 311; *State v. Underwood*, 57 Mo. 40; *State v. Branstetter*, 65 Mo. 149; *State v. Fox*, 79 Mo. 109; *Miller v. Railroad*, 5 Mo. App. 471–476; *McMurdock v. Kimberline*, 23 Mo. App. 523. Either party has the right to

have a jury polled, and, if they all answer that the verdict returned into court is theirs, or if they are not polled at all, then the verdict cannot, as a general rule, be subsequently impeached by their affidavits. We discover nothing in the facts of this case that would bring it within any possible exception to the general rule.

The defendants' further ground of appeal is, that the court permitted the witnesses, Mrs. Walton and Mrs. Christy, to testify in relation to quality, style and value of the millinery goods seized under the attachment without first showing themselves qualified to give such testimony. Possibly this objection should have been sustained by the court, but since quite a number of other ladies of like qualifications were called as witnesses, and similarly interrogated without objection, the objection urged must be deemed to have been abandoned by defendants. The testimony of the objectionable witnesses was only cumulative with that which was similar and had been received without objection.

The defendants further complain of the action of the court in permitting the relator to introduce in evidence the notes she had given for counsel fees for services rendered in the defense of the attachment suit. These notes she had not paid. There were several lawyer witnesses introduced, some of whom testified that the amount of the fee which relator had by her notes obligated herself to pay was reasonable in such a case, while others were of the opinion that it was for an amount greater than was usual in such cases. The notes were properly admissible to show the amount she was legally bound to pay. And as to whether that amount was reasonable or not was a question for the jury to determine in the light of all the evidence before them. The notes were by no means conclusive evidence as to the amount of the

relator's damages in that respect, but still they were admissible along with the other evidence as tending to prove that part of the damages she claimed by reason of the attachment. *State v. Keevill*, 17 Mo. App. 144–147; *Holthaus v. Hart*, 9 Mo. App. 1; *Wash v. Lackland*, 8 Mo. App. 122; *Brownlee v. Fenwick*, 103 Mo. 420; *State ex rel. v. Shobe*, 23 Mo. App. 474.

The relator's first instruction very clearly and properly informed the jury that the relator as an element of damages was entitled to recover such *reasonable sum* as the evidence showed she had paid or had become liable to pay as attorneys' fees. The reasonableness of these amounts was left, as they should have been, to the jury.

The defendants further complain that the court by the relator's first instruction told the jury that if they found for her they should allow her six per cent. interest on the value of the goods taken under the attachment for March 12, 1891. Evidently the court erred as to the date intended to be stated. No doubt the date intended was that of April 30, 1891, that of bringing the suit. The court doubtless supposed that demand was necessary to entitle the relator to recover interest on the value of her goods so attached. The measure of damages in such cases is the value of the goods at the time of the seizure with interest at the rate of six per cent. to the time of the trial. This in theory of law places the injured party in the same situation he was before the trespass was committed. *Watson v. Harmon*, 85 Mo. 443; *State v. Smith*, 31 Mo. 667; *Walker v. Borland*, 21 Mo. 289; *Spencer v. Vance*, 57 Mo. 427; Revised Statutes, sec. 4430. So that the rule laid down in the instruction complained of was really beneficial to defendants and prejudicial to the relator, but if this were not so the defendants' objection finds its answer in the principle of the maxim,

*De minimis non curat lex.* And what has just been said applies to and disposes of the defendants' objection to the relator's second instruction.

The defendants further complain of the action of the court in refusing its seventeenth instruction, but in this complaint we find no merit, for substantially the same ground is covered by the eighth and tenth instructions given for the defendants. The defendants' fifteenth instruction, which was both admonitory and cautionary in its character, might have been given with propriety, but we cannot discover that its refusal by the court constitutes reversible error. We must presume that "a jury of good and lawful men" understand their duty in determining the issues in any case to be just what the court declared it to be in said instruction. It is not discernible from the record that the jury were governed by a different rule in this case, and, hence, defendants were in no way prejudiced by the action of the court.

In looking at the evidence we cannot say the verdict is excessive. There is some evidence to support it, and we cannot discover that there is such a lack of evidence as to warrant the belief that it was the result of passion, partiality or prejudice.

It is finally objected that there is no final determination of the attachment proceedings, but by an examination of the answer of the defendants it will be seen that it there stands admitted that the appeal from the judgment on the issue on the plea in abatement to this court was dismissed before the present action on the attachment bond was begun. Under the provisions of the statute this was all that was necessary to entitle the relator to sue on the bond. Revised Statutes, sec. 562.

It follows that the judgment must be affirmed. All concur.