The State of Missouri ex rel. Mary A. Copening, Respondent, v. Ryley, Wilson & Company, Appellants.

Kansas City Court of Appeals, November 7, 1898.

1. **Attachment:** DAMAGES ON BOND FOR SEVERAL ACTIONS: INSTRUCTIONS. Where A. and B. brought separate actions against their common debtor for their several debts and attached by several levies on separate property, an interpleader who owned all the attached property can only recover on the attachment bond of A. the damages resulting from A.'s suit alone, and instructions should so specifically inform the jury.

2. ———: MEASURE OF DAMAGES: INSTRUCTION. In an action on an attachment bond the measure of damages is the value of the goods at the time of the taking, and not at the time of the trial or any intervening time; and an instruction should so distinctly state.

3. ———: DAMAGES: EVIDENCE: PLEADING. The evidence in this case held not to show a levy on all the goods by each writ, nor does the pleading admit such levy. Suggestions as to amendments.

*Appeal from the Vernon Circuit Court.*—Hon. D. P. Stratton, Judge.

Reversed and remanded.

State ex rel. v. Ryley, Wilson & Co.

S. A. WIGHT and LATHROP, MORROW, FOX & MOORE for appellants.

(1) The court erred in giving instruction numbered one for plaintiff; this instruction is faulty, misleading and unjustifiable in any view of the case. Otto v. Bent, 48 Mo. 23; Donohoe v. Railway, 83 Mo. 560; Legg v. Johnson, 23 Mo. App. 590. (2) The first and fourth instructions are inharmonious and erroneous in this that the first instruction permits the jury to assess the value of the "goods in controversy" as of the time of trial; whereas the fourth instruction tells the jury they have the right to allow the plaintiff interest on the value of "the goods in controversy" from the date of taking. It is the settled law of this state that for a wrongful levy the measure of damages is the value of the goods at the time of their taking. State to use v. Allen, 12 Mo. App. 566; State to use v. Bacon, 24 Mo. App. 403; Funk v. Dillon, 21 Mo. 294; State to use v. Gage Bros. & Co., 52 Mo. App. 464.

HOSS & SCOTT, DICKEY & McDOWELL, and JOHNSON & LUCAS for respondent.

(1) The court did not err in giving instruction numbered one for the plaintiff. Bank v. Westlake, 21 Mo. App. 513; Bruce v. Sims, 34 Mo. 246; Bank v. Armstrong, 62 Mo. 65; Henry v. Rice, 18 Mo. App. 507, 508; Budd v. Hoffheimer, 52 Mo. 297. (2) The fourth instruction correctly declared the law, but if it did not, under the evidence and the verdict in the case, it was harmless, as it clearly appears that the jury did not consider the question of interest, but gave plaintiff the full penalty in the bond, and rendered a lump verdict for the amount thereof. R. S. 1889, sec. 2303; Ittner v. Hughes, 134 Mo. 689; Sherwood v. Railroad, 132 Mo. 346; Boettger v. Iron Co., 124 Mo. 105.

ELLISON, J.—Relator was interpleader in an attachment cause for certain personal property wherein these defendants were plaintiffs and M. L. McKinney was defendant. She was successful in the interplea and has brought the present action on the attachment bond given by these defendants as plaintiffs in the attachment suit for damages claimed to have resulted to her. She recovered judgment in the trial court for the full amount of the bond and defendants prosecute this appeal.

STATEMENT.

It appears that these defendants and a firm known as Beckham, Mercer & Company, each had a claim on McKinney who was a retail grocer in Vernon county and that they each brought suit before a justice of the peace on their respective claims and each caused an attachment to be issued against the property of McKinney directed to the proper constable. The constable under the writ sued out by these defendants, levied on a lot of property consisting principally of groceries. And he, on the same day, under the attachment of Beckham, Mercer & Company, levied on another and different lot of property, but of like character to that levied on under the writ sued out by these defendants. In other words he levied on a part of a stock of merchandise under one writ and the remaining part under the other writ. His return in each case was accompanied by an inventory showing the specific property taken under each writ. The relator filed her separate interplea in each case claiming the property levied upon was hers and not McKinney's; the claim being made to the property separately as it had been returned and inventoried by the constable. On trial in the justice's court it was stipulated that the case of these defendants should be tried and that the result should govern the case of Beckham, Mercer & Company. Relator being

successful on her interplea in the case of these defendants, judgment was rendered for her in both cases. Both plaintiffs in the attachment suits appealed to the circuit court. While these appeals were pending the circuit judge made an order in each case on the constable for a sale of the property. Notwithstanding the separate orders the constable sold the whole of both levies indiscriminately, at auction, and divided the money in proportion to the amount of appraisement which had been made of each lot of property. Duplicate accounts of the sale were attached to each of the orders of sale showing the apportionment of the proceeds. Afterwards judgment was rendered in the circuit court in each case on stipulation for the relator as interpleader. The record of each judgment recites and finds that she was the owner and entitled to the possession of the property described in her interplea in each case and adjudges to her the separate sum apportioned by the constable in each case. Relator thereupon, as before stated, brought this action on the attachment bond given by these defendants claiming to have been damaged in the sum of $1,490, in the way of expenses, attorneys' fees, etc., in prosecuting her interplea, and recovered judgment for $437, the full amount of the bond.

The chief contention here against the judgment bears upon the correctness of the instructions for the relator, defendants claiming that they were so drawn as to authorize the jury to take into consideration, in assessing damages against those defendants, the damages accruing to her by reason of the Beckham, Mercer & Company attachment. After an examination of the record in connection with this contention, we have concluded that it is well founded. The evidence at the trial, on account of the close relationship of the two attachments and of the property taken thereunder

ATTACHMENT: damages on bond for several actions: instructions.

included, and perhaps necessarily so, a constant refer-
ence to the proceedings in the Beckham, Mercer &
Company case, the suits having been instituted and the
levies made the same day and on different parts of the
same store of merchandise.   The cases were so con-
nected that it became proper to distinguish between
the two in making the proper estimate of the damage
resulting by reason of the seizure made by these de-
fendants and for which alone they were liable.   But
plaintiff's instruction number one refers to "the goods
in controversy" in general terms. It directs the jury to
allow to relator "the value of the property taken in
charge by the constable" and for which she inter-
pleaded.   The instruction should undoubtedly have
been confined to the property seized by these defend-
ants, and to her expenses in the interplea in the case
of these defendants.

The same criticism applies in a limited degree to
instruction number four.   The further objection to
that instruction is that while it directs the
interest to be allowed relator to be cal-
culated from the date the goods were
taken from relator, it does not, nor does any other in-
struction, inform the jury at what date the value of
the goods is to be fixed.   This is an action for damage
on account, principally, of the loss of value of property
and the jury should have been told in express and un-
ambiguous language at what time that value should be
ascertained.   The value should be ascertained as of the
time of the taking and not at the trial,  or at times be-
tween the seizure and trial, and so it has been fre-
quently held.   State ex rel. v. Gage, 52 Mo. App. 472;
Walker v. Borland, 21 Mo. 289.

There are two grounds set up by relator why
the instructions permitted a recovery against these

State ex rel. v. Ryley, Wilson & Co.

——: damages:
evidence:
pleading.

defendants for the seizure in both cases. One is that the evidence showed the levy was on all the goods in each case. The evidence does not show such matter in such undisputed way as to justify its being assumed, directly or indirectly, in an instruction. On the contrary the case shows almost beyond controversy that the separate levies were on separate goods.

The other reason advanced is that the pleadings admit the levy by defendants to have been on all the goods. When the manner in which these cases were connected is considered, it becomes manifest that the answer is less specific than it should have been. It is, to a great degree, subject to the criticism relator makes on it; it is ambiguous. But we find that the point of its admitting the whole property in controversy was seized by these defendants, was not suggested at the trial. No instruction so states and the evidence was received of separate levies on separate property without objection. The trial proceeded upon the theory that no such admission existed and in fact there is no such admission, though it is perhaps subject to such construction. We therefore feel free to disallow the point at this stage.

Before another trial the petition and answer should be amended so as to refer definitely to the property seized by these defendants, and plaintiff's instructions should be so worded that the jury will only assess against these defendants damages resulting from their proceedings and thus not leave it to surmise whether they may not have been held in part for the act of an independent party.

The judgment is reversed and cause remanded. All concur.