JOHN S. ELLIOTT, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 2, 1899.

1. **Injunction**: DAMAGES: MISSOURI STATUTE: FEDERAL PRACTICE. Under the Missouri statute the court on dissolving an injunction must proceed to assess the defendant's damages; but under the general equity practice the court of equity can not assess such damages, and hence an action may be maintained in a Missouri court on an injunction bond given in the federal court although no damages were assessed by the federal court.

2. ———: ———: DEFINITIONS: ADJUDGED: RECOVER. The words "recover" and "adjudged" in two injunction bonds mentioned in the opinion are held to be equivalent.

3. ———: ———: ATTORNEYS' FEES: STATE V. FEDERAL COURT. In a suit on an injunction bond to recover damages sustained in defending an injunction, attorneys' fees are proper items of damage, and this though the bond was given in a federal court where attorneys' fees are not allowed as damages on an injunction bond.

4. ———: ———: ———: DEFENDING SUIT. Where on the equity side of the federal court an injunction is granted to restrain the prosecution of an action on the law side on the ground of fraud in the performance of the contract out of which the action arose, the injunction was the sole remedy sought, and attorneys' fees in procuring the dissolution thereof are proper items of damage in an action on the bond.

*Appeal from the Cooper Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

GEO. P. B. JACKSON for appellant.

(1) There can be no recovery of damages in an injunction suit except on the injunction bond. The right of recovery depends entirely upon the bond. St. Louis v. Gaslight Co., 82 Mo. 349; Teasdale v. Jones, 40 Mo. App. 243; Campbell v. Carroll, 35 Mo. App. 640; Keber v. Bank, 4 Mo. App. 195. (2) The law in force at the time the bond is made is to be considered as incorporated in it, and a part of the contract. Mix v. Vail, 86 Ill. 40; 2 Am. and Eng. Ency. of Law, 466. Where there is no statute prescribing the conditions of the bond, they are determined by the rules of the court and the discretion of the chancellor. Murfree on Official Bonds, sec. 401; Newell v. Partee, 10 Humph. (Tenn.) 325; Nolan v. Johns, 27 Mo. App. 502; Hdw. Co. v. Greve, 18 Mo. App. 6; Teasdale v. Jones, 40 Mo. App. 243; Kinealy v. Staed, 55 Mo. App. 176, 180. The bond is a part of the record in the case and of the court in which it is given. Pickett v. Boyd, 11 Lea (Tenn.), 498–503; Murfree on Official Bonds, sec. 401. Therefore the rules and practice in the federal court entered into and became a part of the bond sued on in this case. (3) Viewed as a bond subject to the rules and practice of the federal courts the

judgment was erroneous because: *First*, the principal damage allowed was attorneys' fees, which are not considered an element of damages on an injunction bond in a federal court. Oelrichs v. Spain, 15 Wall. 211. *Second*, an attorney's fee was allowed and taxed as costs in the case and paid by this defendant in accordance with the general practice in federal courts. *Third*, no damages were adjudged on the dissolution of the injunction, and under the conditions of this bond there could not be any recovery upon it in any court, or at any time. 2 High, Inj., sec. 1656; Bein v. Heath, 12 How. 168; Deakin v. Lea, 11 Biss. 34. (4) Viewed as a bond governed by the statute and decisions of this state plaintiff was not entitled to recover. The condition of the bond never happened. The temporary injunction was not formally dissolved, but fell as a necessary consequence of the decision of the United States court of appeals, and even when the bill was subsequently dismissed in the United States circuit court, there was no effort to have any damages assessed or adjudged. Dorris v. Carter, 67 Mo. 544; Loehner v. Hill, 17 Mo. App. 32; s. c., 19 Mo. App. 141; Neiser v. Thomas, 46 Mo. App. 47; Moore v. Bank, 58 Mo. App. 470; Corder v. Martin, 17 Mo. 41; Hoffelmann v. Franke, 96 Mo. 533; Lewis v. Leahey, 14 Mo. App. 564. (5) In any event only such damages can be recovered as are caused by the injunction. Uhrig v. St. Louis, 47 Mo. 528. And attorney's fees for services on appeal can not be allowed. Teasdale v. Jones, 40 Mo. App. 243. (6) Here the injunction was a mere incident to the principal case, arising from a peculiar rule of practice in equity cases in the federal courts. There was no special proceeding to dissolve the injunction and no special service to accomplish that result. The injunction fell as an incident of the defeat of the plaintiff in that case (defendant here). Under such

circumstances there could be no recovery of attorney's fees on the injunction bond, and the court erred in allowing them. Anderson v. Anderson, 55 Mo. App. 268; Banking Co. v. Monarch Co., 68 Mo. App. 603; Brown v. Baldwin, 121 Mo. 126, 136; 2 High Inj. [3 Ed.], sec. 1686; Turnpike Co. v. Dulaney, 86 Ky. 516; State ex rel. v. Heckart, 62 Mo. App. 427-430.

JOHN COSGROVE for respondent.

(1) When the United States circuit court "dissolved" the injunction and dismissed the appellant's bill without decreeing any damages, the order of dissolution made appellant liable for all damages sustained by the respondent, and he may recover them in any court having jurisdiction of the parties. High on Injunctions [1 Ed.], sec. 969; Wash v. Lackland, 8 Mo. App. 122; 2 Sutherland on Damages [2 Ed.], sec. 524; Meyers v. Black, 120 U. S. 206. (2) Personal expenses or attorney's fees paid or contracted in procuring the dissolution of an injunction may be recovered in an action upon the bond if the injunction was improperly or wrongfully sued out. High on Injunction [1 Ed.], sec. 973; Railway v. Shepley, 1 Mo. App. 254; Hammerslough v. B. L. & S. Ass'n, 79 Mo. 87; Brownlee v. Fenwick, 103 Mo. 430-431; Trust Co. v. Stewart, 115 Mo. 236; Holloway v. Holloway, 103 Mo. 274. (3) The respondent was compelled to do every act here performed in order to procure the dissolution of the injunction. Had it not been for the injunction he could have gone on with his suit at law and recovered his debt. The equity suit would have been ineffectual had there been no injunction restraining the respondent from the exercise of his legal rights. The personal expenses and liability for counsel fees incurred by respondent were necessarily made in procuring the dissolution of the injunction and appellant

is liable for them if they are reasonable. Hayden v. Sample, 10 Mo. 215; Bolling v. State, 65 Ala. 417. This is true notwithstanding the dissolution did not occur until the final hearing. Andrews v. Woolen Co., 50 N. Y. 282; Misner v. Bullard, 43 Ill. 477; Ryan v. Anderson, 25 Ill. 372; Steel v. Thatcher, 56 Ill. 257; Trapnall v. McAfee, 77 Am. Dec. 158, and note, where the cases are fully reviewed; Raupman v. Evansville, 44 Ind. 392. (4) The statute of this state (R. S. 1889, sec. 5500) requires that damages shall be assessed upon the dissolution of the injunction. This does not deprive respondent of his right to sue on the bond. The statutory remedy is not exclusive, especially when the injunction bond was given in the federal courts. Railway v. Shepley, 1 Mo. App. 254; Wash v. Lackland, 8 Mo. App. 122; Meyers v. Block, 120 U. S. 206. (5) Appellant is liable for all damages sustained by respondent in consequence of the suing out of the injunction, which he necessarily incurred in procuring a dissolution thereof, although by the rules of the federal courts no such damages as are claimed by respondent are allowed by the rules of those courts. It does not follow that appellant is not liable for the attorney's fees and personal expenses of respondent in procuring a dissolution of the injunction because they could not be recovered in the court where the bond was given. 3 Sutherland on Damages, pp. 1110, 1111; Mitchell v. Hawley, 79 Cal. 301; Aiken v. Leathers, 40 La. Ann. 23; Wash v. Lackland, 8 Mo. App. 122; Meyers v. Block, 120 U. S. 206; s. c., 30 Law. Ed. 642.

GILL, J.—This is an action on an injunction bond given in a suit in the United States circuit court western district of Missouri. On a trial by the lower court without the aid of a jury, plaintiff had judgment for

$2,000, and defendant appealed. The controversy between these litigants arose in the year 1892 when the plaintiff sued the defendant in the circuit court of Cooper county for an alleged balance of about $37,000 due on certain tie contracts. On defendant's application that suit was removed into the federal circuit court at Jefferson City, and there this defendant, as complainant, began a suit in equity against Elliott to enjoin him from the further prosecution of his action at law. The basis of this equity suit seems to have been that Elliott had not furnished the character and quality of ties he claimed and that the classification by the inspector jointly agreed upon by the parties, was erroneous, fraudulent and unfair to the railroad company. To secure a temporary injunction, the United States circuit court required, and the company (then complainant) gave a bond in the penal sum of $20,000. Said bond recited that "whereas the above bounden principal, the Missouri, Kansas & Texas Railway Company, in a suit in equity institued by it against the said John S. Elliott in the circuit court of the United States for the Western District of Missouri, and which is numbered 2,092 in said court, has applied for and obtained a temporary injunction, the nature and purpose of which said temporary injunction is to restrain the prosecution of an action at law in which the said John S. Elliott is plaintiff and the Missouri, Kansas & Texas Railway Company is defendant, now pending in the above named court under the number 2082," etc., and then followed the condition, that if the said railway company "will abide the decision which may be made in said case number 2092 and upon said injunction, and *shall pay all sums of money, damages and costs that shall be adjudged against it* if the said

temporary injunction shall be dissolved, then this obligation will be void, otherwise to remain in full force and effect."

In due season Elliott filed answer in the equity suit, putting in issue the allegations of fraudulent inspection, etc., and prayed that the injunction be dissolved and the bill dismissed. Thereupon the United States circuit court referred the issues of law and fact to S. C. Douglas, Esq., with instructions to take testimony and report. Mr. Douglas, as special master in chancery, took evidence in various parts of the country, and subsequently made a lengthy report, the purport of which was to find all issues for Elliott. To the master's report numerous exceptions were filed by the railway company—some of which were sustained and some overruled. The United States circuit court however sustained in a large measure the complaint of the railway company and entered a decree making permanent the temporary injunction and forever enjoining Elliott from the further prosecution of his action at law. Thereupon Elliott appealed to the United States circuit court of appeals, where the cause was heard, the circuit court reversed and the said injunction suit remanded to the lower court with directions to dismiss the bill. The opinion will be found reported in 74 Fed. Rep. 767. Thereupon, in accordance with this mandate from the court of appeals, the United States circuit court entered its decree in terms dissolving the injunction formerly granted and dismissing the bill.

Elliott then, being relieved of the restraint imposed by the injunction, proceeded with his action at law, submitted his case to the United States circuit court and had judgment as prayed for in his petition. Following this the case we have here was instituted in the Cooper circuit court with the result before stated.

The amount recovered below is made up entirely of attorneys' fees paid or contracted for and plaintiff's other personal expenses paid and incurred in defeating the injunction suit.

I. . Defendant's objections to the judgment below may be thus stated: *First,* that there was no breach of the conditions of the bond in that it was not alleged or proved that any damages had been previously *adjudged* against the defendant, whereas the condition of the bond is that defendant "should pay all sums of money, damages and costs that shall be *adjudged* against it," etc.; and, *secondly,* it is contended, that as the injunction bond was given in a proceeding pending in the United States court, the damages must be fixed and determined according to the rules and practice of the federal courts; that attorneys' fees are not there considered elements of damage in suits on injunction bonds and that therefore our state courts should apply the same rule in suits on bonds given in the federal courts; and *thirdly,* it is insisted, that the trial court erroneously allowed as damages attorneys' fees for defending the entire case—that the injunction was merely incidental to the principal case and no attorneys' fees were paid to secure its dissolution.

Defendant's first contention is based largely on a line of cases decided by our supreme court, among which is Dorriss v. Carter, 67 Mo. 544, holding that on a statutory injunction bond no action for damages can be sustained until such damages have INJUNCTION: damages: Missouri statute: federal practice. been assessed by the court dissolving the injunction. In our opinion these cases have no application here, since they are based on the provisions of our injunction statute which can not be used to control equity proceedings in the federal courts. Under the Missouri statute, the state court is imperatively required, when entering a judg-

ment dissolving an injunction, to proceed in that case to assess defendant's damages. The statute there has prepared a way, has prescribed a rule of practice, whereby such damages shall be assessed; and all that these decisions hold is, that such practice shall be observed when seeking to enforce such statutory bond in our state courts. There is no such statute controlling the federal courts, they are left to follow the general rules of equity procedure, where, it is said, the doctrine is too firmly fixed to admit of controversy, that in the absence of positive legislation a court of equity has no power to afford a remedy upon the bond in the injunction suit, such a power being neither an incident to the general powers of courts of equity, nor consistent with the principles of equity jurisdiction. In the absence, therefore, of legislative authority to the contrary, a court of equity will not, upon dissolving an injunction, enforce payment of damages in the original cause, but will remit the parties aggrieved to their action on the bond." 2 High on Inj. [3 Ed.], sec. 1657; see, also, 2. Sutherland on Damages [2 Ed.], sec. 523; Bein v. Heath, 12 How. 168, and other cases cited by above authors. If then the federal court had no right or authority when dissolving the injunction, to proceed further and determine defendant's damages, it can not, with any show of reason, be claimed, that the defendant in the injunction suit should not be allowed to sue on the bond to recover his damages until such damages had been assessed in the original case. To so hold would involve an absurdity. While Justice Bradley, in Russell v. Farley, 105 U. S. 433, has, in a dictum, expressed doubts as to the correctness of the above rule, which denies jurisdiction of a court of equity to hear and determine damages in the original case, yet the learned judge concludes in this language: "But whilst the court may have (we do not now decide that

it has) the power to assess the damages, yet if it has that power, it is in its discretion to exercise it, or to leave the parties to an action at law.  No doubt in many cases the latter course would be the more suitable and convenient one." Even then though the United States circuit court in this original equity suit may have had such incidental power and jurisdiction to assess Elliott's damages, it did not do so, but left defendant there (plaintiff here) to pursue his remedy on the bond.  And it would seem then that this plaintiff ought to be permitted now to prosecute this action.  It is true that the bond is conditioned for the payment of such "damages and costs that shall be *adjudged* against" the complainant in the injunction suit.  We do not think however that the word *adjudged* should be so narrowed as to include only such damages as should be assessed in the original case or that it was ever so intended; it was meant to include all damages whether assessed by the equity court or subsequently in an action at law on the bond.  In Myers v. Block, 120 U. S. 206, the condition was that the plaintiffs in the injunction case would pay all damages that the defendant might "*recover*," and the court said: "When therefore the condition of the bond in these cases declares that the obligors will pay such damages as the obligee may *recover* against them, it must mean that they will pay such damages as he may recover by a suit on the bond itself; otherwise it is senseless and vain."  The word *recover* used in the bond just referred to means the same as *adjudged* in the bond in this suit.

—: —: defini-
tions: adjudged:
recover.

In view then of the foregoing consideration, we have no hesitancy in deciding the first point against the defendant.

II.  The second position of defendant's able counsel is also untenable.  His contention is that plaintiff

is not entitled, in a suit on this bond, to recover, as an element of damages, the fees paid attorneys in defending against the injunction suit. It is conceded, as a general proposition, that under the laws of Missouri, as announced by its courts, and indeed as decided by nearly every state in the union, counsel fees are recoverable as damages on an injunction bond. But it is claimed that because this bond was made in a suit at the time pending in the federal court, no attorneys' fees should be allowed because contrary to the holding of such courts in like cases. Reason and authority, we think, stand opposed to this contention. 2 Sutherland on Damages [2 Ed.], sec. 525; Railroad v. Shepley, 1 Mo. App. 254; Walsh v. Lackland, 8 Mo. App. 122; Mitchell v. Hawley, 79 Cal. 301; Aiken v. Leathers, 40 La. Ann. 23.

*——: ——: attorneys' fee: state v. federal court.*

As said by the supreme court of California, in case above cited: "Bondsmen, in such a case, can not be held to have contracted with the understanding that a suit would be brought upon the bond (if at all) in a federal court, and that their liabilities would be fixed according to the view which that court might be supposed to take of the law. If for instance the defendants here and the defendants in the injunction suit were all residents of California (which was probably the fact), an action on the bond could probably not be maintained in a federal court at all."

So, in this case at bar, it can not be said that this defendant and its sureties, when they executed the bond in the injunction suit, contracted with reference to the particular ruling of the federal courts as to allowing attorneys' fees as damages; for, as already stated, the defendant in the injunction suit might on a dissolution thereof proceed against them in the state courts where a different rule prevails and where counsel

fees are regarded as a proper element of damages to be assessed on the bond. Judge BAKEWELL, speaking for the St. Louis Court of Appeals, in Railroad v. Shepley, *supra,* uses this language: "A bond of this kind is to be interpreted by the rules that govern the interpretation of any other contract. If the obligor, when executing it, knew that under the ruling of the supreme court of the United States he could not be held by this obligation to pay counsel fees, he also knew that by the interpretation put by the supreme court of Missouri upon the same obligation, in a similar proceeding, he would be held for counsel fees in case of failure to maintain his injunction."

III. Neither have we any doubt as to the propriety of the circuit court's action in treating the attorneys' fees paid, or contracted for, as an element of damages in a suit on the bond in question. Plaintiff's liability for these counsel fees were manifestly incurred in the sole effort to relieve himself of the injunction order restraining him from prosecuting his action at law for the recovery of the large sum of money owing on the tie contracts. After the institution of this action on the contract the defendant railway company presented its complaint to the equity side of the United States court alleging the fraudulent inspection and classification of the ties and prayed said court to enjoin this plaintiff from at all prosecuting his law action. On the face of the bill the court felt warranted to and did grant a temporary injunction restraining the defendant there (plaintiff here) from prosecuting the suit at law, conditioned however that the complainant make the bond in question, which it did. In that suit this plaintiff filed his answer, putting in issue the fraud alleged and prayed the court to dissolve the injunction. The case was heard first by the master in chancery, who

reported the facts found and the law as he understood it, advising a dissolution of the injunction; but the federal circuit court where this report and finding was reviewed sustained exceptions and decreed that the injunction be made perpetual. Thereupon this plaintiff (defendant in the injunction suit) appealed to the United States Circuit Court of Appeals, where, as already stated, the judgment of the lower court was reversed and the cause remanded with directions to dismiss the case. This mandate was complied with and the injunction was finally dissolved by a decree in the court where the suit originated. This plaintiff then, having defeated the injunction and relieved himself of the restraint, proceeded with his action at law, recovered judgment and collected his money.

The record here shows that the trial court, in fixing plaintiff's damages on the injunction bond, allowed only such counsel fees as were paid, or liability therefor incurred, in defense of the injunction proceedings, and this clearly plaintiff was entitled to. Liability for such fees were incurred in *procuring a dissolution of the injunction*, nothing else. Injunction was the sole remedy sought by the equity suit, and this being so, the authorities are uniform that the attorneys' fees for the entire case are recoverable on the injunction bond; and this too whether or not the case was tried on a formal motion to dissolve or on an answer putting in issue the allegations of the bill. Brownlee v. Fenwick, 103 Mo. 420; Banking Co. v. Monarch Co., 68 Mo. App. 603, and authorities there cited.

The reasonableness of the fees and expenses paid and incurred by plaintiff in securing a dissolution of the injunction, was submitted to the trial court, under proper and abundant evidence, and its finding thereon is conclusive on us.

The judges all concurring the judgment will be affirmed.