BENJAMIN F. STOUT, Respondent, *v.* LOUIS A. BENOIST *et als.*, Appellants.

*Bills and Notes — Forged Endorsement — Bankers.*— The acceptor of a forged bill is bound to know the handwriting of the drawer; and if he have accepted and paid the bill to a holder *bona fide* and for a valuable consideration, he cannot recover back the money.   Where persons are equally innocent, and one is bound to know and act upon his knowledge, and the other has no means of knowledge, it would be unjust to burden the latter with a loss for the purpose of exonerating the former.

*Appeal from St. Louis Circuit Court.*

*Sharp & Broadhead,* for appellants.

I. The appellants are not liable to pay back the amount of the certificate; because where one of two innocent par-

ties must suffer, the burden must fall upon him whose business it was to know the genuine signature of the depositor, and who, having the best means of detecting the forgery, failed to do so through negligence or inadvertence.

II. After the respondent Stout discovered the forgery, it was his duty to notify the appellants within a reasonable time, so that they might take steps to protect themselves against loss; which was not done—Bank of U. S. v. Bk. of Georgia, 10 Wheat. 333; Levy v. Bk. of U. S., 1 Bin, 27–36; Price v. Neal, 3 Burr. 1355; Gloucester Bk. v. Salem Bk., 17 Mass. 33; Goddard v. Merchants' Bk., 4 N. Y. 147.

*Hudgens & Son,* for respondent.

I. The appellants having endorsed the certificate to plaintiff and appellee, thereby guaranteed that the antecedent signatures endorsed thereon were genuine; the antecedent forgery of Morin's name and endorsement rendered the title of the holder void; and there was a total failure of the consideration upon which the payment was made, and the plaintiff was entitled to recover the money back—31 Mo. 224; Sto. Prom. N. §§ 135, 380, 387.

II. The appellant cannot shield himself with the plea of agency for a former endorser; he disclosed no such relation at the time of presentation of the demand to plaintiff, and must be held as principal—31 Mo. 224; Sto. Ag. §§ 266–9.

WAGNER, Judge, delivered the opinion of the court.

It appears from the record that on the 23d day of January, 1860, one William Morin deposited with the respondent, who was a banker in the city of St. Louis, three hundred dollars, and received a certificate therefor payable to the order of himself upon a return of the certificate properly endorsed. About the 4th or 5th of June, in the same year, Morin was in St. Joseph, Mo., and the certificate of deposit was stolen from him. On the 5th of June a stranger entered the office of the Buchanan Life and General Insurance Company at St. Joseph with the certificate, with the name of

Wm. Morin endorsed upon it, and represented himself to the secretary of the company as Morin, the depositor of the money, and desired the secretary to pay him the amount of money called for in the certificate. The certificate had been stolen and the endorsement forged. The person making the presentation being a stranger and unable to identify himself, the secretary refused to pay the money, but consented to receive it for collection ; he accordingly endorsed it as secretary of the insurance company, and forwarded it by mail to the appellants, who were the correspondents and collecting agents for the insurance company at St. Louis. The certificate was received by the appellants on the morning of the 7th of June, and endorsed by them and presented to respondent at his banking-house for payment, and the money paid. On the evening of the same day the insurance company at St. Joseph paid the full amount to the person who left the certificate for collection, and who is supposed to have been the thief and forger. The forgery was not discovered till the 17th of June, and afterwards this suit was brought against the appellants to recover back the money, on the ground that the original depositor's name had been forged, and that the subsequent endorsers had no property in the certificate. The court below decided in favor of the respondent, and from its judgment this appeal is prosecuted.

The only question between the parties is which shall bear the loss. They were both innocent, and in such a case the sound rule of decision would seem to dictate that if the fault or negligence can be traced to either party, the loss should be fastened upon him.

The leading case bearing on this subject is Price v. Neal, 3 Burr. 1355. In that case, it appears from the statement there were two bills of exchange which had been paid by the drawee, the drawer's handwriting being a forgery. One of these bills had been paid when it became due, without acceptance ; the other was duly accepted, and paid at maturity. Upon discovery of the fraud, the drawer brought an action against the holder to recover back the money so

paid, both parties being admitted to be equally innocent. Lord Mansfield, on delivering the unanimous opinion of the King's Bench, said: "It can never be thought unconscientious in the defendant to retain this money when he had once received it on a bill of exchange endorsed to him for a fair and valuable consideration, which he had *bona fide* paid without the least privity or suspicion of forgery. Here was no fraud, no wrong. It was incumbent upon the plaintiff to be satisfied that the bill drawn upon him *was the drawer's hand* before he accepted or paid it, but it was not incumbent upon defendant to inquire into it. Here was notice given by the defendant to the plaintiff of a bill drawn upon him, and he sends his servant to pay it and take it up. The other bill he actually accepts; after which acceptance, the defendant innocently and *bona fide* discounts it. The plaintiff lies by for a considerable time after he has paid these bills, and then found out that they were forged. He made no objection to them at the time of paying them. Whatever neglect there was, was on his side. It is a misfortune which has happened without the defendant's fault or neglect. If there was no neglect in the plaintiff, yet there is no reason to throw off the loss from one innocent man upon another innocent man ; but in this case, if there was any fault or negligence in any one, it certainly was in the plaintiff and not in the defendant."

Levy v. Bank of U. S., 1 Bin. 27, was a case where one Thomas passed to the plaintiff a check upon the Bank of the United States for $2,600, and purporting to be drawn by one Wharton in favor of Thomas or bearer. The check was presented at bank by Mr. Levy's (plaintiff's) clerk, and was entered by the receiving teller to Mr. Levy's credit, in his bank book, as cash. It was also entered on the scratcher of the bank and in the cash book, and was credited to Mr. Levy and charged to Wharton according to the usage of the institution. On examining the checks of the bank the same day, the check was discovered to be a forgery ; the credit to Levy in the cash book of the bank and the charge to Wharton were respectively struck out, and a clerk of the bank was im-

mediately sent to Levy to inform him of the fraudulent character of the check and demand a new one in lieu thereof, which he refused to give; and on suit instituted by Levy against the bank, it was held that the acceptor of a forged bill was bound to pay it, not upon the principle that his acceptance had given credit to the bill, but because it was his duty to know the drawer's handwriting, which he was precluded from disputing.

The Gloucester Bank v. Salem Bank, 17 Mass. 33, is an authority for the same doctrine.

In the U. S. Bank v. Bank of Georgia, 10 Wheat. 333, the whole question was examined by Mr. Justice Story with his usual redundant and exhaustive learning, and the doctrine of Mansfield received the unqualified approbation of the Supreme Court of the United States. And Professor Parsons, in his recent valuable treatise (2 Pars. N. & B. 285), extracts the principle from the authorities that "bankers must always pay their acceptance on a forged draft, because they are bound to know the handwriting of their customers, and hence must bear the loss when the signature of the drawer is forged and they have accepted. When both parties are innocent, and the loss must fall upon one, it should be upon the one who in law most essentially facilitated the fraud"; and in support of which he cites Leach v. Buchanan, 4 Esp. 226; Forster v. Clements, 2 Camp. 17; Price v. Neal, 3 Burr. 1354; Wilkinson v. Johnson, 3 B. & C. 428; Easdale v. La Nauze, 1 Young & C. (Exch.) 394; Hall v. Fuller, 5 B. & C. 450; U. S. Bank v. Bank of Georgia, 10 Wheat. 333; Smith v. Shepperd, manuscript case cited in Chitty on Bills, 9th ed. 266.

Considerations of convenience and public policy imperatively demand and require this rule. Bankers have the means in their own hands, by acquiring an intimate knowledge of the signatures of their customers, of protecting and securing themselves against impositions and forgeries. They alone possess the means of knowing, when paper is presented to them, whether the signatures or endorsements are genuine.

And if these means are not employed, it is evidence of a neglect of duty which the public have a right to require of them for its safety.

In a case where persons are equally innocent, and one is bound to know and act upon his knowledge, and the other has no means of knowledge, it would be inequitable and unjust to burden the latter with a loss for the purpose of exonerating the former.

The judgment is reversed. The other judges concur.