# CASES DETERMINED

IN THE

# ST. LOUIS COURT OF APPEALS.

## MARCH TERM, 1880.

| 9 | 1 |
|---|---|
| 34 | 212 |
| 9 | 1 |
| 52 | 472 |
| 9 | 1 |
| 79 | 542 |

---

ARNOLD HOLTHAUS ET AL., Appellants, *v.* HENRY N. HART ET AL., Respondents.

### April 20, 1880.

1. Attorney's fees and other expenses incurred by reason of injunction proceedings may, on dissolution of the injunction, be recovered as damages, whether they have been paid or not.

2. Where a sale under a deed of trust upon premises worth less than the amount secured is enjoined, the jury, in assessing damages, may take into consideration rents collected pending the injunction, and thus lost to the mortgagee, where it appears that the loss of these rents is an actual damage to the mortgagee.

APPEAL from the St. Louis Circuit Court, WICKHAM, J. *Affirmed.*

G. H. HOSPES, for the appellants.

HENRY N. HART, for the respondents.

BAKEWELL, J., delivered the opinion of the court.

Plaintiffs obtained a restraining order enjoining defendant from foreclosing a deed of trust upon property in St. Louis to secure a note owned by defendant Zimmer. The proceedings in the present case are upon a motion filed by

Zimmer for assessment of damages sustained by him in consequence of the injunction. The bond was for $2,500, executed by Holthaus and his sureties. The restraining order was granted on the 30th of July, 1878, and in March, 1879, the injunction was dissolved on motion, by consent of parties. The note secured by the deed of trust was dated the 14th of March, 1861, and was payable one year after date, with interest at ten per cent. The premises described in the deed were shown to be worth $5,500, and not to have depreciated during the time the order was in force; there was evidence that they rented at from fifty to eighty dollars a month. It was shown that the costs of advertising were $32.65; that the attorney's fee was worth from $250 to $350; that Zimmer lived in Jefferson County, forty miles from St. Louis, and had been compelled, several times, to leave his business and come to St. Louis in consequence of the injunction.

The verdict was as follows: " We, the jury, find for John Zimmer, and assess the damages as follows: Loss sustained by injunction, $275; lawyer's fee, $200; advertising, $32.46; making total damages, $507.46." Judgment was entered accordingly against the parties to the bond.

It is objected by appellants that there is no allegation in the motion that the principal or sureties have not paid the damages, nor that the order of dissolution was final, nor that Zimmer had paid the costs of sale, nor that the value of the property had depreciated, or the security diminished. It is further objected that the names of the parties to the bond are not set out in the motion, nor the condition of the bond, and that the motion does not state that Zimmer has been compelled to expend anything. There is nothing in these objections.

It is contended by appellants that the verdict was excessive, and not warranted by the evidence.

As to the attorney's fee and printer's bill, the verdict

was not excessive. It was not necessary to show that they had been paid. Zimmer necessarily employed an attorney, and was liable for his reasonable attorney's fee; and the printer's fee, as part of the costs of sale, is a charge upon the mortgaged premises by the terms of the deed of trust.

The court instructed that the jury, in assessing damages, must "not consider the actual, or any rent that was, or might have been collected from the occupants of said premises during the continuance of the injunction." If this was error, it is error of which the appellants cannot complain. The other instructions need not be noticed.

The appellants insist that there was no evidence of loss sustained by the injunction. It is true that it is not shown what Zimmer's time was worth, or what it cost him to come to St. Louis, or that the selling value of the property had fallen. The question of rents might have been immaterial had it appeared that the mortgaged property was worth the debt. But the evidence tends the other way. There is no evidence that anything had ever been paid on the note. The note with accumulated interest represented, therefore, more than twice the value of the mortgaged property. The party injured by the injunction is entitled to whatever damages he has sustained. It is held (*Aldrich* v. *Reynolds*, 1 Barb. Ch. 613) that the value of the growing crops taken off by the mortgageor during the time the sale is suspended by injunction, forms part of the damages, by reason of an order restraining the sale. This is cited with approval in *Kennedy* v. *Hammond*, 16 Mo. 358. If this be so, the receipt of the rents by the mortgageor or his representative, during the peroid that the sale is suspended, is an element of damage when the premises are worth less than the debt. This being so, there was evidence from which the jury might infer in the present case that Zimmer's actual damage was $275, in addition to the cost of advertising and attorney's fee. The rents during the time the sale was suspended were, by the evidence, from $350 to $420. If the

debt is over $10,000, and the property worth less than $6,000, it is hard to see how he is not injured by a delay of seven months. As purchaser at the foreclosure he might, under our statute, have demanded rent at once of the tenants, lessees, or sub-lessees in possession; and, if payment had been refused, he might have recovered immediate possession by a summary proceeding. Rev. Stats. sects. 3103–3105. If it be said that there is no parallel between the case of rent and the case of emblements, because the emblements, remaining on the ground, enhance its selling price, it may be answered that damages are given in case of an injunction to restrain foreclosure, whereby emblements are lost, not only because, being removed pending the injunction, the selling-price of the land is diminished, but also because, but for the injunction, the mortgagee, on forfeiture, might have entered at once and taken the emblements — as, in the present case, he might have come into receipt of the rents. But, however that may be, as the testimony is that the premises were worth $5,500, the jury might fairly infer that they would have brought that sum had they been sold according to advertisement. The *cestui que trust*, therefore, lost six or seven months' interest on that amount during the suspension of the sale. It is well settled that, under our statute, the damages recoverable in this proceeding are the loss and injury sustained by plaintiff by reason of the injunction. *Kennedy* v. *Hammond, supra; St. Louis* v. *Alexander*, 23 Mo. 522 ; *Riddlesbarger* v. *McDaniel*, 38 Mo. 141; *Hale* v. *Meegan*, 39 Mo. 277. We think that there was evidence from which the jury might fairly infer that this was at least $275, in addition to attorney's fee and printer's bill.

As no error to the prejudice of appellants appears on the record, it is our duty to affirm the judgment.

Judgment affirmed. Judge HAYDEN concurs; Judge LEWIS is absent.