'THE WABASH RAILROAD COMPANY, Appellant, v. A. McCabe *et al.*, Respondents.

St. Louis Court of Appeals, January 5, 1892. .

:**Injunctions:** STATUTORY LIMITATION OF DAMAGES.  The provision of the statute ( R. S. 1889, sec. 5500 ) that, "if money or any proceedings for the collection of any money or demand shall have been enjoined, the damages thereon shall not exceed ten per cent.

on the amount released by the dissolution, exclusive of legal interest and costs," is applicable to an injunction restraining the enforcement of an order upon a garnishee to pay money into court. And *held*, that where the amount which the garnishee was ordered to pay into court was only $15.70, this statutory provision prohibited the assessment of more than $1.57 as damages for attorney's fees, regardless of the actual value of the services of the attorney. (ROMBAUER P. J., dissents.)

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

REVERSED AND REMANDED (*certified to Supreme Court*).

*F. W. Lehman* and *Geo. S. Grover*, for appellant.

(1) The defendants McCabe and McKeag were not entitled, under the evidence in this case, to the assessment of any damages upon the dissolution of the injunction, either as counsel fees or otherwise. *Buford v. Keokuk Northern Line*, 3 Mo. App. 159; *St. Louis v. Alexander*, 23 Mo. 483; *Bircher v. Parker*, 40 Mo. 118; *Uhrig v. St. Louis*, 47 Mo. 528. (2) If any damages were recoverable by these defendants, upon the facts here proved, it could not exceed ten per cent. of the amount released by the dissolution of the injunction. *Roach v. Burnes*, 33 Mo. 319; R. S. 1889, sec. 5500, p. 1314.

*Leonard Wilcox*, for respondents.

(1) The court, in the absence of a "perfect transcript" or an abstract of the entire record in the cause, will presume that the judgment of the court below was correct, and affirm the judgment below. *Greeley v. Bank*, 103 Mo. 221; *Jayne v. Winn*, 98 Mo. 404; *Bank v. Davidson*, 40 Mo. App. 421, 423. (2) The defendants McCabe and McKeag were entitled to recover damages upon the dissolution of the injunction. R. S.

1889, sec. 838; *State v. Lais*, 46 Mo. 108; *Halloway v. Halloway*, 103 Mo. 284, 285. ( 3 ) The statutory dam- ages of ten per centum on the amount released by the dissolution are not exclusive. *Kennedy v. Hammond*, 16 Mo. 341; *St. Louis v. Alexander*, 23 Mo. 521; *Hale v. Meegan*, 39 Mo. 272, 277.

THOMPSON, J.—This is an appeal from a judgment assessing damages upon an injunction bond in the sum of $25. The object of the injunction was to restrain the enforcement of a supposed judgment of a justice of the peace against the plaintiff for the sum of $15.70, in a proceeding in which the plaintiff in this action had been summoned as a garnishee. The action was originally brought before the justice against one of the employes of this plaintiff to recover the sum of $31.70, but such an arrangement had been made that this plaintiff paid out of the wages of the defendant in that action ( its employe) the sum of $16, and was to have paid the additional sum of $15.70 out of his next month's wages; but he prevented this by immediately quitting the plaintiff's employment. After this had been done it seems that the justice issued an order requiring the plaintiff in this action (garnishee in that) to pay the whole amount of the judgment, which the justice had rendered against the defendant in that action (this plaintiff's employe), and this plaintiff thereupon sued out an injunction in the circuit court to enjoin the justice, the constable, the plaintiff in that action and also his attorney, from the enforcement of that demand. The circuit court granted a preliminary injunction, which, on final hearing, as we understand the statement, was dissolved, on the view that, as no final judgment had been rendered by the justice against the garnishee in that action ( plaintiff in the injunction proceeding and in this ), an injunction was not necessary, since, upon the rendition of a final judgment, the plaintiff would have a remedy at law by an appeal to the circuit

court. It is thus perceived that, by the dissolution of the injunction, the collection of a money demand in the sum of $15.70 was released, within the meaning of the statute. R. S. 1889, sec. 5500. This statute reads as follows: "Upon the dissolution of an injunction in whole or in part, damages shall be assessed by a jury, or, if neither party require a jury, by the court; but if money, or any proceedings for the collection of any money or demand shall have been enjoined, the damages thereon shall not exceed ten per cent. on the amount released by the dissolution, exclusive of legal interests and costs."

In defending the injunction suit the two defendants, plaintiff in the original suit and his attorney (suit having been dismissed by the plaintiff as to the justice and the constable), employed a competent attorney, whose services are admitted to have been worth $25, the amount awarded by the circuit court in assessing damages on the injunction bond, from which award this appeal is prosecuted. The statute, however, prohibits any award of damages in such a case as the present, beyond ten per cent. upon the sum released exclusive of interest and costs, which sum, as we have seen, was $15.70.

The appellant has neither brought up a full record nor filed a proper abstract under the statute; but the respondent has filed an abstract, from which we gather the foregoing facts, and from which we infer that the damages on the injunction bond were assessed at the sum of $25, and not at the sum of $26.50; indeed, that is shown by the record entry, which is certified by the clerk. Nor do we understand the respondent to deny that the sum of $16 of the original demand, $31.70, had been paid; he only denies that it had been paid to McKeag. (See p. 4 of his statement.) But this would be immaterial, because it is admitted that the final judgment recovered by the plaintiff in the action against Jerolman (the employe) was for the sum of $15.70.

That sum, "exclusive of legal interest and costs" (the language of the statute), was the sum, and the only sum, which the plaintiff McCabe and his attorney McKeag, in that proceeding, were endeavoring to collect from anybody. The constable and justice were illegally demanding of the garnishee a larger sum ; but the injunction proceeding was dismissed *as to them*, and stood alone against McKeag and McCabe, and the damages are assessed in their favor alone. See the record entry.

Now what do they get these damages for? They get them by reason of the fact that the injunction sued out by the garnishee delayed them in their effort to collect a judgment of $15.70 against Jerolman out of the garnishee as the debtor of Jerolman. That is what they get them for, and that is all they get them for. They could get them for nothing else and if they do not get them for that, they have not been damaged at all. But for that, the injunction was not prejudicial to them, and they would be entitled to no damages at all.

A majority of the court are hence of opinion that the judgment of the circuit court cannot be sustained. The *former statute* on this subject has received interpretation at the hands of the supreme court in three decisions. These decisions are : *Kennedy v. Hammond*, 16 Mo. 341 ; *St. Louis v. Alexander*, 23 Mo. 521 ; *Hale v. Meegan*, 39 Mo. 272. All of these cases were proceedings to enjoin sales under deeds of trust; and in the second of them there was also an injunction against the issue of certain negotiable securities. It was held in all of them that the statute does not apply in a case, where the injunction is to restrain a sale under a deed of trust. Any further inferences in regard to the proper construction of the statute rest merely on the reasoning of the judges who wrote the opinions in these cases. That reasoning was based entirely upon a statute essentially different in its language from the statute now under consideration. The statute, as it originally stood

(I quote from the opinion of the two first cases above cited), read as follows: *"But if money shall have been enjoined* the damages thereon shall not exceed ten per centum on the amount released by the dissolution, exclusive of legal interest and costs." In the revision of 1855 the statute was changed by inserting an additional clause, so as to make it read as follows: "But if money, or *any proceedings for the collection of any money or demand*, shall have been enjoined the damage thereon shall not exceed ten per centum on the amount released by the dissolution, exclusive of legal interest and costs." 2 R. S. 1855, p. 1249. This is the language in which the statute stands in the present revision. The change consisted in the insertion by the legislature of the words, "or any proceedings (plural), for the collection of any money or demand." The present statute (R. S., sec. 5500) contains this exact language using the word, "proceedings" in the plural.

Now what did the supreme court construe in the two cases of *Kennedy v. Hammond*, and *St. Louis v. Alexander, supra?* They simply construed the clause, "if money shall have been enjoined." Thus, in the second of these cases (23 Mo. 521), it is said in the *per curiam* opinion: "The meaning of the words, 'if money shall have been enjoined,' has been generally supposed to embrace injunctions upon the executions of judgments originating by debtor therein against his creditor, and not such as restrain other acts whereby money may in consequence thereof be deferred in payment by the interposition of third parties." The court had before it the duty of construing the elliptical and obscure expression, "if money shall have been enjoined." But we have before us a statute which says, "if money or any proceedings for the collection of any money or demand shall have been enjoined," etc. Now, a proceeding by garnishment in an action for a debt commenced by an attachment, after the recovery of judgment against the principal debtor (or even before),

is certainly a proceeding for the collection of a debt or a demand. It is that, and it is nothing beyond that.

It seems then that any argument, which will exclude the operation of the statute upon the case before us, is simply an argument against the injustice and hardship of the statute. That such an argument can be raised is perfectly clear. The suggestion has been made : What if the railway company in this case had become insolvent pending the injunction, and the plaintiff in the original suit had thereby lost the opportunity of collecting his judgment? Would $1.50 have been a proper award of damages on the injunction bond? Would it have amounted to compensation? This would have to be answered in the negative. The decision of the supreme court in *Kennedy v. Hammond*, 16 Mo. 341, where the injunction was to restrain a sale under a deed of trust, and pending the injunction the trust property was destroyed by fire and otherwise rendered valueless, and it was held proper to assess the damages at the total amount of the notes with interest, gives point to this suggestion. But a little reflection will show that the same argument can be made in many cases where the proceeding is between debtor and creditor to collect money upon an execution under a judgment, and where the debtor procures an injunction against the enforcement of the judgment. Suppose, for instance, that the judgment is for $5,000, and that the debtor has a house and land of the value of $5,000, the house being worth $4,000 and the land $1,000. Suppose that the judgment is a lien upon this property, and that the sheriff seeks to sell it under the execution, and that the debtor procures an injunction against this sale, and that in the meantime the house is destroyed by fire. Here, in consequence of the injunction, the plaintiff in the judgment has lost the sum of $4,000 ; he has, moreover, lost the security upon which his judgment was anchored. Such a case would present precisely the injury and hardship presented by the case

of *Kennedy v. Hammond, supra;* and yet, under the theory of the supreme court in *St. Louis v. Alexander*, the statute would apply to such a case, and the limit of the damages would be ten per cent. on the amount released.

In regard to the opinion of Judge FAGG in *Hale v. Meegan*, 39 Mo. 273, we observe that Judge FAGG had before him simply the case of an injunction against a sale under a deed of trust, and all that the court decided was that such a case is not within the statute. That was decided in *St. Louis v. Alexander*. Judge FAGG, in the language in which he refers to *St. Louis v. Alexander* as putting a construction upon the statute, overlooked the fact that the statute had been amended by the insertion of the clause which I have quoted above, since the facts upon which the decision in *St. Louis v. Alexander* were predicated arose. It was plain enough to the mind of Judge FAGG, as it was to the court in *St. Louis v. Alexander*, that the words of the statute, "if any money shall have been enjoined," may fairly be restrained to cases "where money has actually been stopped by the injunction,"— to quote his language in 39 Mo. 277; and that is the most that has been done in the case before us.

We do not, then, see how we can avoid the view that, the statute being negative and prohibitory, we cannot cut it down so as to exclude from it a case plainly within its terms; that the clause on which our decision must rest has never, so far as appears, been contrued by the supreme court at all; and that the construction which is invoked by the respondents in this case was put upon a different statute. We do not see that we can take the respondent's view, unless we are prepared to go to the length of holding that the statute has no application in any case where the circumstances were such, that the injunction might entail upon the judgment or other creditor the loss of his debt

in whole or in part; but as such a result may flow from an injunction in any case, even where it is sued out by a judgment debtor to enjoin the enforcement of the judgment, such a construction would substantially repeal the statute. That the statute may apply to a case, where the injunction is against the mere enforce-ment of a judgment is shown by the decision of the supreme court in *Roach v. Burnes*, 33 Mo. 319, and no ground is perceived for distinguishing such a case in principle from the case before us.

The appellant has failed to file an abstract under the statute (R. S. 1889, sec. 2253), but has merely filed a statement of the facts, as counsel for the appellant understands them. The respondents have supplemented this statement with an abstract drawn in apparent con-formity with the statute. The appellant will not be allowed costs for an abstract, but the respondents will be allowed such costs, on making proof of the cost of printing their abstract in conformity with the rules of this court.

With the concurrence of Judge BIGGS, the judg-ment of the circuit court will be reversed, and the cause remanded, with direction to that court to enter a judg-ment assessing the defendant's damages at a sum not to exceed ten per cent. of the sum of $15.70. Judge ROMBAUER dissents, and is of opinion that this decision is opposed to the decision of the supreme court in *Hale v. Meegan*, 39 Mo. 272. Under the constitutional man-date the case will, therefore, be certified to the supreme court for final determination.

ROMBAUER, P. J. (*dissenting*).—I take no issue with my associates on anything said in the opinion, but I cannot reconcile it with former decisions of the supreme court. I note my dissent solely for the purpose of elicit-ing from that court a final and *intelligible* construction of the statute in question; because I am of opinion that neither the former decisions of the supreme court,

nor the opinion, in this case, furnishes a rule, which can serve as an intelligent guide to trial courts in cases of this class, which are necessarily of frequent occurrence.

The ultimate aim of the great bulk of all proceedings, whether in or out of court, is the collection of money or demands.   Taking the statute literally, the term, "if money or any proceedings for the collection of any money or demand shall have been enjoined," necessarily includes all these cases.   That such is not the true construction of the statute is recognized in the three cases cited in the opinion.   They *all* recognize the fact, that the statute is ambiguous, and that its literal construction leads to results which the legislature could not have intended, and that, therefore, this is one of the exceptional cases, where it is the duty of the courts to give effect to the equity of the statute.   It is only when they come to deal with the equity of the statute, that the three cases take a different view.

In *Hale v. Meegan*, 39 Mo. 272, which contains the last controlling decision of the supreme court on that subject, the cases of *Kennedy v. Hammond* and *St. Louis v. Alexander* were relied on as authority for the proposition "that the object of the statute was to fix the measure of damages where money had been actually stopped by the injunction, and not to confine the damages exclusively to that subject."   In conformity with the view thus announced, the court in that case approved the allowance of a counsel fee of $1,000 as part of the damages awarded, although the entire amount awarded exceeded ten per centum on the principal sum stayed. The court said, "It" (the statute) "does not prevent the recovery of any other damages which the parties might have sustained by reason of the injunction, and hence the court in such cases are not restricted to ten per cent. upon money actually released by the dissolution.

It is not clear to me what these declarations do mean, but it is very clear to me that, whatever they do mean, they extend the strict literal meaning of the statute and give effect to its apparent equity, and that, in face of these declarations, we cannot arrive at the conclusion reached in the opinion without making the law, which is already obscure, still worse confounded.

In view of the fact that the decision in *Hale v. Meegan, supra,* has furnished the rule by which litigants and trial courts have been guided for over twenty-five years, it is highly important to them, that the boundaries of that ruling should be defined by some clear decision of the supreme court, or that the case itself should be overruled. It is for the supreme court to say whether the statute, which says *any* proceeding, means only proceedings pending in court, and, if the latter, whether it means proceedings before or after judgment. It is for that court to say whether the word *thereon,* as used in the statute, has reference to the *money* or reference to the *injunction bond.* If the statute is not clear, and is to receive an equitable construction, it seems to me that there is the highest equity for allowing to anyone costs and expenses necessarily incurred in obtaining a dissolution of the injunction. It is too plain for argument that the party injured by the restraint may be put to the same expense in obtaining its removal, whether the amount involved be great or small, and that we are not warranted in saying that the legislature intended to discriminate against the claimants of small amounts, unless the statute admits of no other construction.