THE WABASH RAILROAD COMPANY, *Appelllant*, v. McCABE *et al.*

Division Two, December 16, 1893.

Injunction: DISSOLUTION: DAMAGES. Revised Statutes, 1889, sec. 5500 providing that "if money, or any proceedings for the collection of any money, * * * shall have been enjoined, the damages thereon shall not exceed ten per cent. on the amount released, * * * exclusive of legal interest and cost" does not limit the damages allowable on dissolution of the injunction to ten per cent. on the amount released, but any other damages which the person enjoined may have sustained by reason of the issuing of the injunction are also recoverable.

*Certified from St. Louis Court of Appeals.*

REVERSED AND REMANDED.

*F. W. Lehmann* and *G. S. Grover* for appellant.

(1) The defendants McCabe and McKeag were not entitled, under the evidence in this case, to the assesment of any damages upon the dissolution of the injunction, either as counsel fees or otherwise. *Buford v. Keokuk Northern Line*, 3 Mo. App. 159; *St. Louis v. Alexander*, 23 Mo. 483; *Bircher v. Parker*, 40 Mo. 118; *Uhrig v. St. Louis*, 47 Mo. 528. (2) If any damages were recoverable by these defendants, upon the facts here proved, it could not exceed ten per cent. of the amount released by the dissolution of the injunction. *Roach v. Burnes*, 33 Mo. 319; *Railroad v. McCabe*, 47 Mo. App. 346, and cases cited; Statutes, 1845, chap. 81, sec. 13, p. 580; art. 9, sec. 12, Acts, 1849, p. 85; 2 Revised Statutes, 1889, chap. 84, sec. 5500, p. 1314; *Trust Co. v. Steward*, 21 S. W. Rep. 793.

*Leonard Wilcox* for respondents.

(1) The court, in the absence of a "perfect transcript" or an abstract of the entire record in the cause, will presume that the judgment of the court below was correct, and affirm the judgment below. *Greeley v. Bank*, 103 Mo. 221; *Jayne v. Winn*, 98 Mo. 404; *Bank v. Davidson*, 40 Mo. App. 421. (2) The defendants McCabe and McKeag were entitled to recover damages upon the dissolution of the injunction. *State v. Kingsbury*, 33 Mo. App. 519; Revised Statutes, 1889, sec. 838; *State v. Laws*, 46 Mo. 108; *Halloway v. Halloway*, 103 Mo. 284, 285; *Hill v. Bell*, 111 Mo. 35. (3) The statutory damages of ten per centum on the amount released by the dissolution are not exclusive. *Kennedy v. Hammond*, 16 Mo. 341; *St. Louis v. Alexander*, 23 Mo. 521; *Hale v. Meegan*, 39 Mo. 272, 277; Revised Statutes, 1835, p. 314, sec. 11; Revised Statutes, 1825, p. 441.

*Sale & Sale* also for respondents.

The word "damages," as used in section 5500 of the Revised Statutes of Missouri has reference to damages on the money, and not to damages on the injunction bond. It has no reference whatever to compensation, but solely to punishment. It is equivalent in meaning to "penalty," and has the same significance as the word "damages" where it is used in section 2305 of the Revised Statutes of 1889, permitting the court to award damages on the affirmance of appeals. 2 Morehead and Brown's Dig. Laws of Ky. (1795–1834), p. 811. *Fawcett v. Pendleton,* 5 Bibb. 136; *Yantis v. Lyon,* 3 J. J. Marshall (Ky.), 152; *Thomas' Trustees v. Brashears,* 4 Monr. 65; Hening's Statutes at Large (Va.), 1803–1808, p. 98; *Claytor v. Anthony,* 15 Gratt. 518; Geyer's Dig. Laws of Mo. 232; Toulmin's Dig. Laws of Alabama, 1823, p. 491; Revised Code of Mississippi, 1824; Revised Statutes of Mo. 1825, p. 441; *Yantis v. Burdett,* 4 Mo. 4; 3 Chase's Stat. of Ohio, 1788–1833, p. 1700; Greiner's Louisiana Code of Practice, p. 74; *Landry v. L'Eglise,* 3 La. Rep. 221; Revised Statutes, 1835, p. 314; *Kennedy v. Hammond,* 16 Mo. 341; *St. Louis v. Alexander,* 23 Mo. 521; *Hale v. Meegan,* 39 Mo. 521. That there is a distinction between the statutory damages and the damages awarded on the bond is clear from the statute itself. It has been held in this state that there is no liability upon the injunction bond, except for such sum of money as shall have been adjudged against the plaintiff in the injunction proceeding. *Dorris v. Carter,* 67 Mo. 544; *Corder v. Martin,* 17 Mo. 41. It follows from these adjudications that the damages on an injunction bond are whatever the court, in the injunction proceedings, may have awarded against the plaintiff therein.

BURGESS, J.—Plaintiff sued out an injunction against the defendant McCabe and his codefendant McKeag, who was his attorney, and procured a restraining order from Hon. Jacob Klein, judge of the circuit court within and for the city of St. Louis, enjoining the collection of a judgment amounting to $15.70 which McCabe had recovered before a justice of the peace against the plaintiff.   On a hearing of the cause the injunction was dissolved, and on motion of defendants damages to the amount of $25.00 for attorney's fee was assessed in their favor against plaintiff and its securities on the injunction bond, from which judgment plaintiff appealed to the St. Louis court of appeals, where by a majority opinion the judgment of the court below was reversed, but, because of a dissenting opinion by one member of the court, the case was certified to this court.   A full and complete statement of all the facts in the case will be found in the opinion of the court in 47 Mo. App. 346.

The only question for the consideration of this court is with respect to the proper construction of section 5500, Revised Statutes, 1889.   Said section reads as follows:   "Upon the dissolution of an injunction, in whole or in part, damages shall be assessed by a jury, or if neither party requires a jury, by the court; but if money, or any proceedings for the collection of any money or demand, shall have been enjoined, the damages thereon shall not exceed ten per cent. on the amount released by the dissolution, exclusive of legal interest and costs."

The court of appeals held that the damages to be assessed was ten per cent. on the amount enjoined which amounted to $1.57.

The defendants employed a competent attorney whose services plaintiff conceded to be worth the

amount awarded by the circuit court in assessing the damages on the injunction bond.

The statute as it stood at the time, with respect to assessment of damages on the dissolution of injunctions enjoining sales by trustees under deeds of trust, has received construction by this court in *Kennedy's Adm'x v. Hammond*, 16 Mo. 341; *Hale v. Meegan*, 39 Mo. 272. Each one of those cases was a proceeding to enjoin a sale under a deed of trust, and it was ruled in both of them that the statute with regard to the assessment of damages on the dissolution of injunction and limiting the damages to ten per cent. on the amount released did not apply in cases of that kind.

At the time those cases were decided the statute read as follows: "But if money shall have been enjoined the damages thereon shall not exceed ten per cent. on the amount released by the dissolution exclusive of legal interests and cost." Subsequently, however, in the revision of 1855, the statute was amended by inserting the words "or any proceedings for the collection of any money or demand," so as to make it read as hereinbefore set out, and it has thus remained from that time up to the present without any material change or modification.

All of the decisions cited seem to have made, by implication at least, a distinction between cases in regard to the assessment of damages on the dissolution of an injunction in whole or in part wherein sales by trustees under deeds of trust are enjoined, which are executed to secure the payment of money, and when the proceeding is by execution. All such cases are proceedings for the collection of money, whether by execution or sale under deed of trust, and the statute as amended was evidently intended to include both. What else could have been the purpose? For as it stood before the amendment it clearly included proceedings by exe-

cution.  It does not say legal proceeding, but it does say any proceeding for the collection of money.  Had it been intended to restrict the statute in its meaning to legal proceedings, it is to be presumed that it would have so provided, and whether by execution or sale under deed of trust the end to be accomplished is the same.

The collection of money on execution may be enjoined as in this case, so also may the collection of money by sale under deed of trust, on the ground that the debt has been paid, but under the deed of trust the beneficiary acquires an interest in the property described in the deed of trust as soon as it is executed, and the enjoining of the collection of the money under the latter necessarily enjoins the sale of the property, which may perish or depreciate in value and thereby render the security valueless; while in the former no such interest is acquired; hence the measure of damages under the deed of trust may be the full amount of the debt enjoined, if the property covered by the deed of trust should be destroyed, as was the case in *Kennedy's Adm'x v. Hammond, supra.*

It was also said in that case that: "On judgments at law, the dissolution of an injunction restraining the collection of the money, can allow of damages being assessed, at not more than ten per cent.  That, in addition to legal interest."  But such expressions may be regarded as *obiter*, as no such question was before the court for its consideration.

When the collection of money under execution is restrained there is nothing to depreciate in value, and for that reason the law fixes the measure of damages at ten per cent. on the amount released, so that the damages in that regard, may be ascertained by some certain and definite rule, and thereby made easy of ascertainment; there is nothing else to which damages

can attach in such case, especially before levy on property. Certainly it was never intended by the legislature that the same rule should not apply in both cases with respect of damages sustained for necessary expenses and attorney's fees in and about defending the suit of injunction.

In the case of *Hale v. Meegan*, 39 Mo. 272, it is said, "In the case of the *City and County of St. Louis v. Alexander*, 23 Mo. 483, this court undertook to give a construction of the statute which authorizes an assessment of damages in these cases.  *  *  * It was held substantially in that case, and we think correctly so, that the object of the statute was to fix the measure of damages where money had been actually stopped by the injunction, and not to confine the damages exclusively to that subject. It does not prevent the recovery of any other damages which the parties might have sustained by reason of the injunction, and hence the court (in assessing damages) in such cases are not to be restricted to ten per cent. upon money actually released by the dissolution." That was also an action to enjoin a trustee's sale under deed of trust and in conformity with the view therein announced, the court approved the allowance of an attorney's fee of $1,000, as part of the damages awarded, although the amount awarded exceeded ten per cent. on the principal sum restrained.

The word *thereon* as used in the statute must be construed to mean, and as having reference to, the amount released from the restraining order, and as a damage on the amount only. It has reference solely to the money or demand enjoined and nothing else, and should not be subjected to the narrow construction that plaintiff insists should be placed upon it. Suppose the judgment in this case had been for $500, and the amount released only $15.70, could it be contended

with any degree of plausibility that the damages should be limited to ten per cent. on the latter amount, although its collection may have been restrained for months, and the execution creditor put to large expense in employing counsel and defending the proceeding by injunction? The question suggests its own answer. It is obvious that an execution creditor, the collection of whose debt is restrained, will ordinarily be put to trouble and expense and need the services of an attorney in and about the defense of the injunction; and can it be said that ten per cent. on the amount released—in a case like this $1.57—is the amount of damages to be assessed on the dissolution of the injunction? Surely this will not do.

The same rule as to the assessment of the damages in the dissolution of an injunction to restrain the collection of money on execution, should be invoked as in case of restraint of a sale by a trustee under a deed of trust for the collection of money. There is no apparent reason why the same rule should not apply in both cases. The statute should receive a fair and equitable construction, which it does not receive when construed as fixing the maximum of damages to be allowed on the dissolution of an injunction restraining the collection of money on execution, at ten per cent. on the amount released, and nothing more; but should be construed as meaning ten per cent. damages on the amount released, and as not restricting the damages to that amount. It does not prevent the recovery of any other damages which the defendants may have sustained by reason of the improvident suing out of the restraining order. The judgment of the court of appeals is reversed and the cause remanded with directions to enter judgment affirming the judgment of the circuit court. All of this division concur.