GEORGE ORSCHELN, Respondent, v. J. BERRY SCOTT, Appellant.

Kansas City Court of Appeals, April 3, 1899.

1. **Appellate and Trial Practice**: PREJUDICE OF SHERIFF: DISCRETION OF COURT.    The court is not bound to take a verified motion charging the sheriff with prejudice as true but to exercise his discretion, and the appellate court will not interfere in the absence of abuse of such discretion.

2. **Trial Practice**: PREJUDICE OF SHERIFF: CORONER: ELISOR: JURY. Both at common law and under the statute when the sheriff is disqualified to act in serving a *venire*, the coroner is the proper officer to perform such service, and the appointment of an elisor by the court, even though he be the coroner, is in violation of law and the panel should be quashed, since the character of the officer performing this duty is important and material.

3. **Assault and Battery**: DAMAGES: INSTRUCTIONS: COMMENT.    It is always error for an instruction to assume as true a controverted fact or to comment upon the facts; and an instruction set out in the opinion is condemned on both grounds, while another instruction mentioned is not subject to such criticism.

4. ——: ——: MEDICAL SERVICES: INSTRUCTION.    An instruction relating to medical services as an element of damages is held faulty in assuming a fact but states properly the rule as to making an allowance for such services when the plaintiff has obligated himself to pay therefor, except that it fails to require them to be reasonable.

5. ——: EVIDENCE: COMPENSATION: INSTRUCTION.    In an action for assault and battery the defendant may offer evidence tending to prove a conspiracy between plaintiff and another to assault him, and such evidence may be circumstantial; and if it is not sufficient to go to the jury the court may so declare in a proper instruction.

*Appeal from the Cooper Circuit Court.*—HON. D. W.
SHACKLEFORD, Judge.

REVERSED AND REMANDED.

W. M. WILLIAMS, JOHN COSGROVE and J. W. JAMISON
for appellant.

(1) The coroner, under the statute, the sheriff being
disqualified, was the proper officer to summon the jury. 2
R. S. 1889, sec. 8188; State v. Smith, 90 Mo. 37. It is true
that the party appointed elisor was also coroner, but he was
not required or authorized to act in his official capacity as an
officer of the county. Thompson and Merriam on Juries,
sec. 82. He did not act under his oath of office as coroner, as
he was not acting in his official capacity. State ex rel. v.
Davis, 88 Mo. 584; Atwood v. Reyburn, 5 Mo. 533; Webster
v. Smith, 78 Mo. 163.     (2)     Plaintiff's first instruction is
palpably erroneous. The very question in issue was whether
plaintiff or defendant was the aggressor. This was a fact for
the determination of the jury. This instruction left nothing
for the triers of the facts except the amount of the recovery,
so far as the actual damages were concerned. Wright v.
Fonda, 44 Mo. App. 643; Fullerton v. Fordyce, 121 Mo. 13;
Dowling v. Allen & Co., 88 Mo. 293.     (3)     This instruction
is the further objectionable as a comment on the evidence.
Morton v. Heidorn, 135 Mo. 608. The error in plaintiff's
first instruction, which assumes that defendant made an assault
upon him, is not cured by the second, given at plaintiff's in-
stance.     (4)     Plaintiff's third instruction also assumes that
an assault was made upon him by defendant and error was
committed in giving it.     (5)     Plaintiff's fifth instruction is
manifestly wrong. It authorizes the jury to return a verdict
for plaintiff for medical assistance on the sole ground that the
jury might believe that he had incurred a legal obligation to
pay for the same. It did not require the jury to find that the

defendant was the aggressor in the fight or that he made a wrongful assault upon plaintiff. Clark v. Hammerle, 27 Mo. 55; Laughlin v. Gerardi, 67 Mo. App. 372; Evers v. Schumaker, 57 Mo. App. 454. This instruction was further erroneous in that it failed to require the jury to find that the amount of plaintiff's alleged medical bill was reasonable. Morris v. Grand Ave. Co., 144 Mo. 500; Grund v. Railroad, 114 N. Y. 411. (6) It was not necessary that defendant prove by direct and positive testimony that these parties had conspired to attack him. Such facts may be shown by circumstances alone. The facts and circumstances in this case, outside of the testimony of the witnesses bearing on this point, entitled defendant to have this question submitted to the jury. State v. Gooch, 105 Mo. 392; Willi v. Lucas, 110 Mo. 219.

W. F. QUIGLEY, W. D. STEELE and C. D. CORUM for respondent.

(1) The character and form of evidence to authorize the appointment of another than the sheriff to execute process rests in the discretion of the trial court. And its action will not be disturbed in the absence of evidence showing its action to have been arbitrary and unjust. State v. Hultz, 106 Mo. 41. (2) The second objection is that if the sheriff was disqualified it was the duty of the coroner to act in his stead. The coroner did act and was the proper officer to summon the special jury on account of the disqualification of the sheriff. Had any other person served the summons error would have been committed. R. S. 1889, sec. 8188. (3) Even though it should be held that plaintiff's first instruction assumed that defendant assaulted plaintiff, still it can not be claimed that it assumes that it was an unlawful assault, or that it was a wrongful, willful, wanton or malicious assault. The defendant, himself, in his testimony and in his answer, admits that he made an assault, but that it was justified on the ground of

self-defense. His plea was *son assault demesne.* O'Leary v. Rowan, 31 Mo. 117; 2 Greenleaf, Ev., sec. 95; Bouvier's Law Dictionary, 553. (4) In the second instruction the jury were directed that in order to find for plaintiff they must believe that the assault was wrongfully, willfully, wantonly and maliciously committed. Where the other instruction on the part of both plaintiff and defendant "distinctly limit the conditions of plaintiff's recovery it can not be assumed that the jury will yield to every possible inference that might arise from a single instruction and pay no heed to the explanatory direction of the others." Stone v. Vimont, 7 Mo. App. 277; La Riviere v. La Riviere, 97 Mo. 80; State v. Miller, 111 Mo. 542; Hughes v. Railway, 127 Mo. 452. (5) The assumption of a fact conceded by the other party is not erroneous. Harrison v. White, 56 Mo. App. 175; Schmitz v. Railway, 46 Mo. App. 380. (6) If defendant's defense, in any degree, depended on the fact that there was no injury or pain, nor loss of time or other element of damage, then he should have offered some countervailing proof. It is too late to object now that the court assumed these uncontradicted facts. Taylor v. Iron Co., 133 Mo. 357; Klutts v. Railway, 75 Mo. 642; Pope v. Railway, 99 Mo. 400; Chartrand v. Railroad, 57 Mo. App. 425; Hyatt v. Railroad, 19 Mo. App. 287; Cook v. Railroad, 19 Mo. App. 329; Russell v. Columbia, 74 Mo. 480; Rosenkranz v. Railroad, 108 Mo. 9; Ross v. Kansas City, 48 Mo. App. 440. (7) No error was committed by the court in not requiring the jury to find that the amount charged was reasonable. Gorham v. Railroad, 113 Mo. 421; Murray v. Railroad, 101 Mo. 240.

SMITH, P. J.—This is an action which was brought to recover damages for an assault. There was a trial resulting in a judgment for the plaintiff. The defendant appealed.

The defendant assigns as a ground for the reversal of the judgment the action of the court in overruling his motion to

quash the special panel of jurors summoned by the elisor.  It
appears from the record that the defendant, under the provi-
sions of section 6089, Revised Statutes, filed a motion for a
special venire, which was by the court sustained.  It further
appears that thereafter the plaintiff filed a motion, verified by
his affidavit, charging that the sheriff was biased and preju-
diced in favor of the defendant and would not, for that reason,
impartially summon impartial and unbiased persons as jurors
to serve in the case, and praying for the appointment by the
court of one or more impartial persons to act as elisors to sum-
mon the special jury ordered.  This motion was by the court
sustained.  The court, over the objections of the defendant,
thereupon appointed George W. McClanahan, who was cor-
oner of Cooper county, as elisor to summon said special jury.
The writ of *venire facias* was accordingly directed to the said
elisor, who executed the same.  The defendant then filed a
motion to quash the special panel of jurors so summoned by
said elisor, which motion was by the court overruled; and to
which ruling the defendant duly excepted.

The affidavit of the plaintiff charging that the sheriff was
prejudiced was not conclusive on the court.  It was not bound
to take the charge in the verified motion as true,
though, in the exercise of its discretion, it might
do so.  If it was satisfied that the sheriff was
prejudiced, and therefore disqualified to act,
that was an end of the matter, unless it appeared, as it does not,
that there was an abuse by the court of the discretion exer-
cised by it.  State v. Leabo, 89 Mo. 247; State v. Hultz, 106
Mo. 41.  We do not think the action of the court in adjudg-
ing that the sheriff was disqualified from acting is the subject
of review by us.

Under the statute, section 8188, Revised Statutes 1889,
all the powers and duties of the sheriff, in respect to the service

of the venire, devolved on the coroner. Until

TRIAL practice:
prejudice of
sheriff: coroner:
elisor: jury. both the sheriff and coroner were disqualified, the court was without power to nominate and appoint an elisor to serve the writ. As the sheriff was disqualified to act, the coroner was the proper officer, both at common law and under the statute, to serve the *venire*. In executing the special *venire* the officer exercises the power of selection confided to the sheriff at common law; and the character of the officer performing this duty is important and material, and if such duty is performed by an officer not authorized this is a ground of challenge to the array. State v. Smith, 90 Mo. 37. But it is contended by the plaintiff that though McClanahan acted as elisor in serving the *venire* he was the coroner of the county, and therefore the writ was served by the proper officer. But he was a particular officer of the court acting under its special authority as distinct from the coroner, who is a general officer of the law. He was authorized to serve the writ not as coroner but as elisor. His commission from the court conferred no valid authority on him to serve the writ and the mere fact that he was coroner did not impart any validity to his act as elisor.

The special panel, not having been selected and summoned by an officer of the law, should, as we think, have been quashed on defendant's motion. The defendant had the right to a special panel of jurors selected and summoned by the officer upon whom that duty was devolved by law, and that this right was denied him we think is clear. We can not say that he was not in no way harmed thereby.

The defendant objects that the court erred in giving the plaintiff's first instruction which, in a separate paragraph thereof, declared to the jury: "Compensatory

ASSAULT and
battery: dama-
ges: instructions:
comment. or actual damages are such as will reasonably compensate the plaintiff for his loss of time, expense of treatment of the injuries sustained by

the assault, bodily pain or mental anguish and suffering endured and which resulted from the injuries to plaintiff as well as all other damages which you may believe from the evidence will reasonably result to him from such injuries in the future by reason of the assault, and in determining the amount of damages the jury should consider the permanency of the injury sustained."

The petition in substance alleged that the defendant with a knife willfully, maliciously and wantonly assaulted the plaintiff and cut an eye out. There was a denial of this allegation in the answer, coupled with the defense of *son assault demesne*. There was no admission by the answer of the assault alleged in the petition. Whether the defendant did assault the plaintiff, as alleged in his petition, was the distinct issue in the case. This issue was submitted to the consideration of the jury by the plaintiff's second and third instructions, as well as by the first given for the defendant.

But the plaintiff's first instruction left nothing for the jury to determine except as to the amount of the actual damage that should be awarded. It assumed that the actionable assault alleged in the petition had been committed and that it only remained for the jury to determine the *quantum* of compensatory damages that should be allowed. It eliminated from the case the vital and decisive issue therein. It practically told the jury to wholly disregard the defenses pleaded by defendant, as well as the evidence adduced by him tending to support such defenses. It is always error for an instruction to assume as true a controverted material fact in a case. Wright v. Fonda, 44 Mo. App. loc. cit. 643; Fullerton v. Fordyce, 121 Mo. loc. cit. 13.

The defendant further objects that this instruction was a comment on the evidence. It seems to us that it is fairly subject to this criticism. It gave the jury to understand that in the opinion of the court defendant was the assailant and that

plaintiff was entitled to recover for his loss of time and expenses of treatment for the injuries "sustained by the assault" and that he was entitled to be allowed for future injuries "by reason of the assault." The only question left open by it for the jury, was the amount of actual damages and whether punitive damages should be allowed. It assumed as a fact that there was an assault committed by the defendant upon plaintiff, and declared, as a matter of law, that the plaintiff was entitled to the actual damages caused thereby. Nor is the error in this instruction cured by the second and third given for plaintiff. When an instruction is incomplete it may, of course, be aided and supplemented by others in the series, so that when they are all read together they will constitute a full and complete expression of the law applicable to the case. But where it is a misleading and an improper comment on the evidence, as here, the curative rule just referred to does not apply.

The plaintiff's third instruction is not subject to the objection the defendant has lodged against it. It does not assume that an assault was made by defendant on him. It told the jury that if they found the *issues* for plaintiff, then to allow him such actual damages as was "occasioned by the assault." This was but telling the jury that if they found the issue in respect to the assault in favor of the plaintiff, then they should allow him such actual damages as was occasioned by the assault. We can not think this instruction faulty in expression.

It is further objected that the plaintiff's fifth instruction was erroneous. It told the jury that in considering the amount which plaintiff was entitled to recover for medical services it was not necessary to prove that the bill for such services had been paid, but that it was sufficient to authorize a recovery thereof if they believed that plaintiff had incurred an obligation to pay therefor. This instruction, by implication,

——: ——: medical services: instruction.

Orscheln v. Scott.

assumed that plaintiff was entitled to recover, and when considered in connection with the plaintiff's first, it was well calculated to mislead the jury. It should have told the jury that if *they found the issues for plaintiff* then, in considering the damages, they might allow plaintiff for the amount paid, or which he had obligated himself to pay, for medical services, etc. But aside from this, it was erroneous in not leaving it to the jury to determine whether or not the amount which the plaintiff had obligated himself to pay for such service was reasonable. State ex rel. v. Gage, 52 Mo. App. 464; Holthaus v. Hart, 9 Mo. App. 1; State ex rel. v. Shobe, 23 Mo. App. 474.

No good reason is seen for the action of the court in rejecting the defendant's offer of evidence tending to prove a

——: evidence: compensation: instruction.

conspiracy between the plaintiff and Wilson to assault him. A formal agreement to commit an assault is not always susceptible of direct and positive proof. Most generally it must be inferred from such facts and circumstances as the evidence tends to prove. The defendant, it seems to us, had a right to introduce the evidence offered by him to develop, as far as he could, to the jury his theory of the conspiracy. If such evidence turned out to be insufficient to entitle him to have a consideration of his defense by the jury on that theory, the court could have so declared by a proper instruction.

It results from the foregoing considerations that the judgment must be reversed and the cause remanded. All concur.