GEORGE ORSCHELN, Respondent, v. J. B. SCOTT, Appellant.

**Kansas City Court of Appeals, May 16, 1904.**

1. **PLEADING: Evidence: Variance.** A petition alleged that plaintiff's eye was cut out; the evidence shows the sight was cut out and the surgeon afterwards removed the ball. *Held,* not a failure of proof.

2. **TRIAL PRACTICE: Evidence: Question: Reversal.** Where an improper question is asked and on objection no answer is given and there is nothing to show bad faith or sinister purpose it will not cause a reversal.

3. **DAMAGES: Excessive: Loss of Eye: Compensation.** A verdict of twenty-five hundred dollars is not too much for the wrongful destruction of an eye.

4. **TRIAL PRACTICE: Misconduct of Counsel: Harmless Effect.** The remarks of the counsel set out in the opinion are held not to be harmful in the result and were used merely as an illustration during the argument.

Appeal from Cooper Circuit Court.—*Hon. James E. Hazell,* Judge.

AFFIRMED.

*W. M. Williams* and *John Cosgrove* for appellant.

(1) Plaintiff having sued defendant for "cutting out his eye" is not entitled to recover upon proof that the sight of the eye was destroyed. He could not sue on one cause of action and recover upon another. Houston v. Tyler, 140 Mo. 263. (2) The first instruction given in behalf of plaintiff is not supported by the evidence. This is subject to the same criticism as the petition. The instruction should have been predicated upon the evidence and the pleadings and not on the plead-

ings alone.   Marr v. Bunker, 92 Mo. App. 651; Kirby
v. Railway, 85 Mo. App. 345; Wright v. Fonda, 44 Mo.
App. 634.    (3)   Instruction two, given on behalf of
plaintiff, does not correctly state the rule by which the
damages should be measured.   The plaintiff was the ag-
gressor.   Orscheln v. Scott, 90 Mo. App. 359.

*W. F. Quigley, W. D. Steele* and *C. D. Corum* for
respondent.

(1)   There was ample evidence to sustain the in-
struction given, on the theory that defendant cut out
plaintiff's eye.   The plaintiff testifies that "defendant
cut my eye out."   (2)   The complaint that the first in-
struction given on behalf of plaintiff is not supported by
the evidence, is answered in point I.   The second in-
struction given for plaintiff has been approved by this
court, when the case was first here.   (3)   We shall not
discuss the question as to the damages being excessive.
We do not believe that any appellate court has ever held
or will ever hold, in any case where the assault was of
the character shown in this record, that a verdict of
$2,500 is excessive.   The Cook case, cited by appellant,
is not applicable.

ELLISON, J.—This case is before us for the third
time. Two former judgments for plaintiff were reversed
and a new trial directed.   79 Mo. App. 534; 90 Mo. App.
352. By reference to those volumes a full statement of
the case will be found.   The latter report contains a re-
view of the evidence somewhat in detail.   On the trial
resulting in the present appeal plaintiff again prevailed
on evidence which the parties concede is substantially
as that given at the second hearing.   The trial was con-
ducted in substantial compliance with the views ex-
pressed by us, and we do not feel warranted in again
disturbing the judgment.   The result of our last inves-
tigation of the case was that plaintiff should not recover

exemplary damages, but that he was entitled to compensation. Several points determined and discussed on the last appeal are again presented, but we can not see any reason or room for conclusions different from those before announced.

It is now claimed that the evidence did not sustain the petition, in that the latter alleged that plaintiff's eye was cut out, when the proof showed the sight was cut out and that afterwards surgeons removed the eyeball from the socket. It is common speech to say that one's eye has been "put out," when what is meant and understood is, that the sight has been put out. The instructions show that each party regarded the severing of plaintiff's eye and destruction of sight as equivalent to cutting out the eye. We do not regard the matter as a failure of proof.

No exception was taken to instructions given for plaintiff; and the court's action on the others was unexceptionable.

A question was asked by plaintiff as to defendant's general reputation as a quarrelsome man, and on objection being sustained no answer was given. There is nothing to show that the question was asked in bad faith and for a sinister purpose, and if we concede it to have been an improper question, we do not deem it cause for reversal.

The damages are said to be excessive. Such contention must be based on the ground that there were mitigating circumstances connected with the injury, for certainly the amount of the verdict ($2,500) is not too much for the wrongful destruction of an eye. It is manifest that the jury considered plaintiff's improper conduct referred to by us on the former appeal as lessening his claim. But however that may be, no question of mitigation was made by defendant. No instruction was asked on that head.

Objection was made to remarks of counsel in argument in which he asked of the jury: "How much would

you want to be paid to you for cutting out your eye? Think of that and allow plaintiff what you would demand for putting out your eye." On objection, court and counsel explained that the remarks were only intended as an "illustration." We do not wish to be understood as deciding that the remarks were beyond the legitimate province of counsel in argument, but surely it must be conceded that jurymen all understand that the pleading of the lawyer for large verdicts is not to be responded to unless demanded by the facts of the case. But, in addition to this, we are satisfied the remarks did not harm defendant. The verdict returned is the same in compensatory amount as was rendered in each of the two preceding trials.

After consideration of all that has been offered in defendant's behalf, we are satisfied, as before stated, that no cause exists for our again interfering with the result reached, and hence we affirm the judgment. All concur.